This is an appeal from a decree of the Circuit Court of Montgomery County ordering the husband to convey to his ex-wife certain property. This order further provides the husband would be held in contempt if he failed to satisfy a second mortgage on that property.
Specifically, the pertinent parts of the decree are as follows:
 "3. If he has not already done so, Mr. Monroe shall convey by an instrument acceptable to the Court all of his right, title and interest in the real estate to his former wife within 30 days of the date of this Decree. Should he fail to do so, the Deputy Register of this Court is directed to convey by Register's deed all the right, title and interest of Mr. Monroe in said property to Mrs. Porter. *Page 198 
 "4. Mr. Monroe shall, within thirty days of the date of this Decree, satisfy the second mortgage held by The First National Bank of Montgomery, N.A. and/or cause a release of said real estate from any and all encumbrances he may have wherein said property may be held as collateral. The above shall be done to the satisfaction of this Court within the thirty day period described and should Mr. Monroe fail to do so, he shall be held in contempt of this Court."
From the trial court's action, the husband appeals.
The following history of the case, as revealed by the record, is necessary for an understanding of this appeal.
The parties to this action were divorced in September, 1974. The wife was given custody of the children and the husband was ordered to pay child support and periodic alimony. The divorce decree further made a division of the property as follows:
 "5. The house owned jointly by the parties located at 2013 Drexel Street, Montgomery, Alabama, shall remain in their joint names and the Wife and children shall have the use and occupancy of the said house for so long as the children or either of them shall reside there with their mother. The Wife shall make the monthly mortgage payments on the said property and the Husband shall pay all reasonable and necessary maintenance and repairs to the said property. At such time as the children, or either of them, shall no longer reside with their mother in the said house, or in the event of the remarriage of the Wife, the said property shall be sold and the net proceeds of sale divided equally between them."
[Emphasis supplied.]
Subsequent to the entry of the divorce decree, the husband mortgaged his undivided interest in the house. This mortgage secured prior personal and business loans totaling approximately $11,000.
Thereafter, in October, 1975, the trial court, upon the wife's petition for rule nisi and both parties' petitions for modification of the final decree, issued the following order, in pertinent part:
 "3. The aforesaid Decree is modified nunc pro tunc relative to Paragraph 5 of said Decree to provide that title to the house and lot owned jointly by the parties located at 2013 Drexel Street, Montgomery, Alabama, is vested in the said Lucille R. Monroe, and the said Donald Meredith Monroe is ordered and directed to pay that certain indebtedness to the First Alabama Bank secured by a second mortgage on the said property on which there is a principal balance in the approximate amount of $11,000.00, and to save the Wife harmless from such indebtedness encumbering the said property, and the said Donald Meredith Monroe is further directed to convey his interest in the said property to the said Lucille R. Monroe by an appropriate warranty deed." [Emphasis supplied.]
The husband then moved to alter, amend, or vacate the October, 1975, order. Specifically, the husband attacked the trial court's order modifying the property settlement and ordering him to pay the second mortgage. The trial court denied the husband's motion to set aside that portion of the decree. The husband did not appeal.[1]
The husband did not convey his interest in the house to his ex-wife nor did he satisfy the second mortgage. Thereupon, the wife filed a petition for rule nisi, seeking to enforce the trial court's October, 1975, order as set out above. The trial court, in August of 1977, acting on the wife's petition, issued the following order which is the basis of this appeal:
 "1. That Mr. Monroe is not in contempt of this Court.
 "2. The First Alabama Bank of Montgomery, N.A. may proceed with its foreclosure proceedings within 45 days of the date of this Decree.
 "3. If he has not already done so, Mr. Monroe shall convey by an instrument acceptable to the Court all of his right, *Page 199 
title and interest in the real estate to his former wife within 30 days of the date of this Decree. Should he fail to do so, the Deputy Register of this Court is directed to convey by Register's deed all the right, title and interest of Mr. Monroe in said property to Mrs. Porter.
 "4. Mr. Monroe shall, within thirty days of the date of this Decree, satisfy the second mortgage held by The First National Bank of Montgomery, N.A. and/or cause a release of said real estate from any and all encumbrances he may have wherein said property may be held as collateral. The above shall be done to the satisfaction of this Court within the thirty day period described and should Mr. Monroe fail to do so, he shall be held in contempt of this Court."
The husband appeals.
At the outset, we note two matters which are clear to this court. First, the trial court in its October, 1975, order had no authority to modify the previous property division. In contrast to an award of child support and periodic alimony, a provision for a property settlement in a decree of final divorce is not a continuous provision. After a lapse of thirty days from the date of the decree, a court cannot modify a property settlement provision except to correct clerical errors. See DuValle v. DuValle, Ala.Civ.App., 348 So.2d 1067
(1977); McEntire v. McEntire, Ala.Civ.App., 345 So.2d 316
(1977).
The second aspect that is clear to this court is that the contempt aspect is not such an order as will support an appeal. The trial court did not hold the husband in contempt. A further action by the court is contemplated and necessary in order to hold him in contempt. The contempt aspect of the trial court's order is not final and ripe for review. A final judgment is necessary to give jurisdiction to the appellate court. Marsh v.Wittmeier, 280 Ala. 172, 190 So.2d 920 (1966). See also 2 Ala.Dig. Appeal Error 66.
Along the same line, we note that the proper remedy for review of a contempt proceeding is by habeas corpus if the party is in jail or by certiorari if the party is not in jail. Appeal is not the proper remedy. See Hayes v. Hayes, Ala.Civ.App., 337 So.2d 770 (1976).
The final dispositive issue regarding the trial court's action in ordering the husband to convey his interest in the house is not as clear. As noted above, the husband did not appeal the October, 1975, decree which ordered him to convey his interest and to satisfy the mortgage. The trial court, by its August, 1977, order, is seeking to enforce that order by way of commanding the appellant to perform such actions or face contempt proceedings. The appellant now comes to this court on appeal from the August, 1977, order and seeks to avoid such order by contending the trial court was without authority to issue its modified order of 1975.
The law in Alabama is settled in that any attempt to impeach or annul a judgment other than by a direct appeal, before the expiration of the time for appeal, is a collateral attack. A judgment cannot be the subject of a collateral attack unless such judgment is void. See Penton v. Brown-Crummer Inv. Co.,222 Ala. 155, 131 So. 14 (1930); 13 Ala.Dig. Judgments 470-523.
Clearly, the trial court, in its 1975 decree, committed reversible error but this did not make that decree void so as to render it vulnerable to collateral attack. Under Alabama law, a party is not entitled to relitigate issues which were raised or could have been raised in the prior suit. Anderson v.Moorer, 372 F.2d 747 (5th Cir. 1967).
The proceeding which appellee-wife initiated by her petition for rule nisi and which culminated in the trial court's 1977 decree is in reality a new proceeding and the husband cannot, on appeal of it, open up matters contained in the original proceedings years before. See Committee Comment to Rule 4, ARAP. *Page 200 
In summary, the trial court, by its 1977 decree, is enforcing its 1975 decree. The court rendering a judgment had the inherent power to enforce it and to make such orders and issue such process as may be necessary to render it effective. Jonesv. City of Opelika, 242 Ala. 24, 4 So.2d 509 (1941); 49 C.J.S.Judgments §§ 585-591.
The trial court therefore did not commit error in ordering the appellant to convey his interest in the house or face further proceedings in that the trial court has inherent power to enforce its prior decrees.
The above being dispositive of the issues in this appeal, the trial court is thereby due to be and is affirmed. In view of the above, the appellee's motion to dismiss the appeal is denied.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] We note that the husband's present attorneys did not represent him at this time.