BRADLEY, Judge.
This is an appeal from the modification of a prior divorce decree.
Myrtle Black Rayborn and John Kendrick Rayborn were divorced by final decree in the Circuit Court of Baldwin County on February 17, 1975. The divorce decree awarded custody of the parties’ minor child to Mrs. Rayborn, subject to visitation by Mr. Rayborn, and directed Mr. Rayborn to pay Mrs. Rayborn the sum of $75.00 per week, one-half as alimony and one-half as child support. The decree further provided that:
5. The home of the parties, being vested in the Complainant and the Respondent jointly with survivorship, shall remain in the exclusive possession of the Complainant for the use and benefit of herself and her minor daughter until such time as the Complainant shall remarry or until her minor daughter shall attain her majority, whichever shall first occur, at which time, the home of the parties shall be sold at the insistence of either party and the sales proceeds, less the expenses of sale, shall be divided equally between the parties.
The parties complied with the terms of the decree for several years.
On September 29, 1980 Mr. Rayborn filed a petition in the circuit court to amend the original decree, requesting that the court award custody of the parties’ minor child to him, and return to him the use of the parties’ home until the child reached legal age. The court held a hearing on October 30,1980 and, with the consent of Mrs. Ray-born, awarded custody of the child to Mr. Rayborn. The court additionally awarded Mr. Rayborn the use of the parties’ home until the child reached the age of majority.
Mrs. Rayborn subsequently remarried on November 22,1980. On January 7,1981 she filed a motion requesting that, pursuant to *866 the provisions of the 1975 divorce decree, the parties’ home be sold and the proceeds divided equally. The circuit court, hearing evidence on all pending motions ore tenus, found that the best interests of the child would be better served by awarding custody to Mr. Rayborn, and that the minor child should have the shelter of the family home. The court thereupon granted Mr. Rayborn “exclusive possession of the home of the parties until such time as the child of the parties reaches the age of twenty-one (21) or be married, or be independent, whichever shall first occur.” The court further provided that upon the child’s attaining the age of majority, “the home of the parties shall be appraised and either party may purchase the other parties’ interest at the price of the appraisal, the husband having the first opportunity to purchase.”
Mrs. Rayborn appeals from the denial of her motion for sale of the property, alleging that the circuit court committed error in amending the original divorce decree of 1975 with respect to the disposition of the parties’ house. Specifically, she alleges that paragraph 5 of the 1975 decree, providing for the disposition of the jointly-owned home, is a property settlement between the parties, and cannot be modified some four to five years later.
We agree with appellant’s contention. A property settlement cannot be modified by the court, except to correct clerical errors, after a lapse of thirty days from the entry of a final judgment approving the settlement. Culverhouse v. Culverhouse, 389 So.2d 937 (Ala.Civ.App.1980). The disposition of the parties’ jointly-owned home in the 1975 divorce decree was in the nature of a property settlement between the parties, providing for the equitable allocation of the parties’ respective interests in the property upon their divorce. The decree provides that the house is to be sold and the proceeds divided when “the [appellant] shall remarry or [when] her minor daughter shall attain her majority, whichever shall first occur.” (Emphasis added.) The wife remarried before the child reached her majority. This double contingency, the wife’s remarriage or the child’s majority, indicates that the provision was not intended merely to provide additional support for the child, but was a means by which to afford the wife her share of the parties’ marital property.
We find support for our decision in the case of Monroe v. Monroe, 356 So.2d 196 (Ala.Civ.App.1978). In that case a provision nearly identical to the one in the present case was labeled a property settlement, and was held nonmodifiable after the lapse of thirty days from the rendition of the final judgment. We think this case necessitates the finding that the provision in question was in fact a property settlement, and could not be modified some five years after the original decree was handed down.
For the foregoing reasons we reverse that portion of the circuit court’s judgment allowing appellee to retain possession of the house until the child reaches the age of majority and refusing to grant appellant’s motion for sale of the property. The cause is hereby remanded to the circuit court with instructions to order the sale of the parties’ home and to divide the proceeds equally between the parties.
We would note, however, that although the disposition of the parties’ home is non-modifiable, this rule does not affect the ability of the trial court to modify child custody and support provisions of a final divorce decree as the best interests of the child require. Jernigan v. Jernigan, 335 So.2d 178 (Ala.Civ.App.1976).
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P. J., and HOLMES, J., concur.