This is an appeal in a divorce case.
Jack Edward Clark and Mattie Sharon Clark McGuff were divorced by a decree signed December 28, 1979 which awarded custody of the couple's two minor children to the wife and ordered the husband to pay $450 per month child support and alimony. The decree further recited:
 "4. The Respondent, Mattie Sharon Baggett Clark, is hereby awarded the possession of the parties' home until such time as the parties' youngest child is over the age of nineteen (19) years, at which time either of the parties will have the right to have said home sold at which time the equity in said home will be divided equally between the parties. The Petitioner, Jack Edward Clark, is hereby ordered to pay all house payments due up through January 1, 1980."
The wife was ordered to assume responsibility for the house payments after the date specified in the decree. Thereafter, on November 13, 1980, the wife filed a petition for a rule nisi, claiming that the husband was not timely in making alimony and support payments, that two mortgages existed on the property, and that she was encountering difficulty in meeting her obligation to make house payments because of the way that the husband spread out his payments to her. Following an ore tenus hearing, the court entered an order on January 14, 1981 which directed that:
 "1. The parties are hereby ordered to sell their home, which is located at 605 Armstrong Avenue, Bay Minette, Alabama, and apply the proceeds from said sale to pay off both mortgages, which exist against said home and divide the remainder of said proceeds equally between the parties. However, Jack Edward Clark is hereby ordered to pay out of his share of said proceeds to Mattie Sharon McGuff the total sum of arrearage in child support payments, which are due at the time of said sale."
In response to this decree, the wife filed a motion under rule 60 (b), Alabama Rules of Civil Procedure, seeking relief from the judgment on the ground that it had been procured through the husband's fraud. The husband took no action whatsoever. On April 6, 1981 the husband filed a petition to modify on the basis of changed circumstances, claiming that his former wife had remarried and that the couple was living in the home, which had never been sold in accordance with the court's order of January 14, 1981. The wife responded by way of answer and counterclaim that the decree of January 14, 1981 which had ordered the sale of the home had been based on fraud and misrepresentation on the part of her former husband. She asked for an increase in alimony and child support and further requested that she be given continued possession of the homeplace. The court, on July 9, 1982, ordered that the couple's former home be given to the wife and instructed the register to execute a deed to that effect. Subsequently, the trial court entered *Page 455 
an amended order increasing child support payments. The husband has appealed to this court from that portion of the trial court's July 9, 1982 order which awarded the homeplace to his former wife.
We note that at the outset we are faced with a statement of the evidence under rule 10 (d), Alabama Rules of Appellate Procedure, by appellant-husband to supplement evidence not contained in the record on appeal. The record before us contains only the various pleadings and motions by the parties and court orders. The testimony from the ore tenus hearings has not been transcribed. However, since the parties have failed to comply with the requirements of rule 10 (d), A.R.A.P., we are prevented from considering any of those matters contained in their statement and not found in the record. Rule 10 (d) provides that when no report of the evidence is available, the appellant may prepare a statement "from the best available means, including his recollection." It must be served on appellee within forty-nine days of the filing of the notice of appeal. The appellee is then given seven days to make objections. Here, however, the parties failed to comply with that portion of rule 10 (d) which requires that:
 "Thereupon the statement and any objections or proposed amendments shall be submitted to the trial court for settlement and approval and as settled and approved shall be filed with and included by the clerk of the trial court in the record on appeal."
Since we find no inclusion in the record of the matters contained in the statement of the evidence, we must limit our inquiry to those matters which are actually contained therein.
In the instant appeal we are asked to decide whether the trial court's orders of December 28, 1979 and January 14, 1981 in regard to the couple's homeplace constituted a property settlement. The husband argues that the decrees in question are similar to those in Monroe v. Monroe, 356 So.2d 196
(Ala.Civ.App. 1978), and Rayborn v. Rayborn, 409 So.2d 865
(Ala.Civ.App. 1982), where we applied the rule that once a trial court has divided a couple's property in connection with a divorce decree, its action is conclusive and cannot be modified after the expiration of thirty days on a showing of changed circumstances. In those two cases we dealt with divorce decrees which allowed the ex-wife to retain possession of the former family homeplace during the minority of the children or until she remarried. The husband points out to us that we indicated that those decrees expressed a "double contingency" and found them to be property settlements because they were partially based on the wife's remarriage.
The wife, on the other hand, argues that Monroe, supra, andRayborn, supra, do not apply in the instant case and that it is controlled by the supreme court's decision of Tucker v. Tucker,280 Ala. 608, 196 So.2d 724 (1967). She contends that the court there, when faced with a decree similar to the one in question here, found that the trial court had acted for the welfare and benefit of minor children and that a subsequent modification was proper because it was also entered for the benefit of minor children. It is her position that the trial court in the instant case did not abuse its discretion by rendering the decrees of January 14, 1981 and July 9, 1982 because they were modifications of an original decree which was issued to insure that the couple's minor children had a home.
It is conceded that the original divorce decree of December 28, 1979 in the instant case is somewhat similar to the divorce decree issued in Tucker, supra. In that case the supreme court held that a decree which awarded the ex-wife possession of the former family homeplace during the minority of her children or until her remarriage could be modified by a later decree when it was shown that changed conditions dictated that further steps should be taken to see that the needs of the couple's minor children were met. There, the supreme court said:
 "It is well settled in this jurisdiction that when a divorce decree embraces the subject of infant's maintenance or custody, *Page 456 
the chancery court, without reservation of power, may on change of circumstances at any time thereafter modify its decree to meet changed conditions. Hardy v. Hardy, 250 Ala. 297, 34 So.2d 212."
Our analysis of the December 28, 1979 decree in the case at bar leads us to the conclusion that it was issued to insure that the Clarks' minor children were to be provided with a home. Unlike the decisions in Tucker, supra, Monroe, supra, andRayborn, supra, this decree contained no double contingency on the basis of the ex-wife's remarriage. The December 28, 1979 decree in the instant case clearly expressed the intention that the wife was to retain possession of the homeplace during the minority of the children. Nothing in the decree made her continued possession of the property conditional on her remaining unmarried. For these reasons, we agree with the wife's position that the decree of December 28, 1979 was issued to protect the couple's two minor children, and we further agree that the trial court retained the power to modify this decree for the benefit of the children.
The wife further contends that the January 14, 1981 and July 9, 1982 decrees were also proper because they modified a decree which was issued to protect the couple's minor children and because they were also issued to insure that adequate child support would continue to be provided. The husband argues, however, that under our decisions of Rayborn, supra, andMonroe, supra, the January 14, 1981 decree was itself a property settlement. In Tucker, supra, a subsequent modification was upheld because the original decree and a later order modifying it were both rendered for the benefit of minor children. Indeed, it is this factor which distinguishes Tucker
from the later decisions of Rayborn and Monroe. In Rayborn andMonroe later attempts to modify were held to be invalid because the trial court was improperly involved in attempting to modify what had originally been a division of the couple's marital property. We have determined that the December 28, 1979 decree disposing of the parties' property was for the benefit of their children. Consequently, this first decree was modifiable.
The January 14, 1981 decree directs that the property in question be sold and the proceeds be divided equally between the parties with the arrearage in child support to be paid out of the father's share of the property sale proceeds. Although we do not have the benefit of the evidence adduced at the hearing leading to the January 14, 1981 decree, we do have the pleadings before us and they suggest that the father was not making his support payments on time and the mortgage payments were thus in arrears. The original decree had directed the mother to make the mortgage payments out of the support payments required to be made by the father.
Based on the pleadings and the presumption that the trial court's decree is supported by the evidence heard by it when the evidence is not set out in the record on appeal, we conclude that the January 14, 1981 decree directing that the property be sold so that the mortgages could be paid and that the father could pay child support arrearages out of his share of the sale proceeds was for the benefit of the children — and was subject to being modified at a future date.
The July 9, 1982 order as amended transferring the father's interest to the mother was, according to the pleadings, another effort on the part of the court to protect the welfare and best interests of the parties' minor children by providing them a place to live. This order must be presumed to be another one in a series of orders relating to the welfare of the children and was thus a proper modification of prior orders made for the benefit of the children.
The judgment of the trial court is affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur. *Page 457