89 So.2d 522

Johanna **PAUSIC**

v.

Frank **PAUSIC.**

6 Div. 19.

Supreme Court of Alabama.

Sept. 6, 1956.

Lipscomb, Brobston, Jones & Brobston, Bessemer, for appellant.

G. P. Benton, Fairfield, for appellee.

GOODWYN, Justice.

Johanna Pausic, appellant, claiming to be the widow of Louis Pausic, who died on December 23, 1940, filed in the probate court of Jefferson County on November 4, 1955, a petition seeking the appointment of appraisers to set apart to her, out of property owned by Louis Pausic at the time of his death, a widow's exemption both as to personal property and a homestead. Three appraisers were appointed, their report being filed on November 14, 1955. Thereupon the court ordered that notice of such report and the date set for a hearing on it be given to Frank Pausic, appellee, it appearing that he was the executor of and sole distributee under the will of Louis Pausic.

The pleadings are rather involved, and although a detailed discussion of them is not essential to a decision we think a brief reference to them will be helpful to a better understanding of the case as it comes to us. By referring to the pleadings we do not wish to be understood as passing on their propriety as a whole or the propriety of all of the court's rulings thereon.

The petition states that it is brought under the provisions of § 674, Tit. 7, Code 1940. (Whether this is appropriate we are unable to determine from the record. As will hereafter appear from recitals in the court's decree, apparently there was an oral hearing by the court, but we can locate no affirmative showing or finding that there had been a grant of administration on Louis' estate, nor that the administration of his estate was still pending when the petition was filed, nor that there had been a failure to appoint appraisers. The record contains only the pleadings, the court's rulings thereon and the final decree. There is no bill of exceptions.) The petition purports to be filed "In The Matter Of The

**46**

Estate of Louis Pausic, Deceased", and recites the following:

"Comes your petitioner, Johanna Pausic, and brings this her petition under the provisions of Section 674, Title 7, Code of Alabama 1940, and shows unto the Court that more than twenty days have elapsed after the grant of administration in the above cause, and that no appraisers have been appointed to set apart to your petitioner, who is the widow of Louis Pausic, deceased, the homestead, or to make a report with reference to the homestead, which said homestead consists of the following described Real Estate, to-wit:

"Lots 7, 8, and 9, Resurvey of the Pratt Land and Improvement Company's Survey of West Wylam, recorded in Map Book 11, Page 75, Office of the Judge of Probate Jefferson County, Alabama. Mining and mineral rights excepted, situated in Jefferson County, Alabama;

and that said real estate has located thereon a home in which your petitioner ·and said deceased lived as man and wife at the time of his decease.

"That said real estate is in area less than one hundred sixty (160) acres, and said real estate together with the improvements thereon and appurtenances, did not exceed in value Two Thousand Dollars ($2,000.00) at the time of said decedent's death.

"Wherefore: Your petitioner prays that the Court ·appoint three Commissioners who shall, as soon as practicable thereafter not exceeding thirty days, set apart the personal property exempt, and appraise the homestead in such manner as may be directed by the Court."

On November 22, 1955, Frank Pausic, in answer to appellant's petition, interposed a plea in abatement. In the main, the grounds therefor were that Johanna was not Louis' legal wife at the time of his death; that they were divorced by a decree of the circuit court of Jefferson County, in equity, rendered on March 8, 1938, a certified copy of said decree being attached to the plea; that they entered into a property settlement agreement during the pendency of the divorce proceeding; that pursuant to said agreement Johanna gave to Louis a deed conveying to him all of her rights and interest in and to the several lots included in the appraisers' report; that said agreement was ratified, approved and adopted by the court as a part of said divorce decree; and that said agreement "was a complete settlement of all the property rights between the parties, and she received a greater part of the property and the division was a complete division of their property rights and holdings including all homestead interests and all other interests which she had in his property at that time". Johanna demurred to and moved to strike said plea. Both the demurrer and motion were sustained. Frank also filed objections to the appraisers' report, assigning as grounds therefor, in substance, the following: That Johanna was not the legal wife of Louis at the time of his death; that Louis was divorced from Johanna on March 8, 1938, and that they were never reunited in marriage. Johanna moved to strike said objections on the grounds that they were not timely filed, that they attempt to raise issues not authorized by law in this proceeding, and that they do not question the propriety and accuracy of the report of the commissioners. Thereafter, Frank further excepted to the report of the appraisers assigning as grounds therefor the following: That said report is illegal and void; that it attempts to set out a greater amount of property than is allowed by law for a homestead exemption; that it shows on its face that it is void for uncertainty; that it shows on its face that it is uncertain as to what property the appraisers are attempting to set out to the so-called widow; that it fails to list any personal property; that it shows on its face that the appraisers have not set out the exemptions according to law. Frank also moved to dismiss the

entire proceedings on the grounds that the probate court was without jurisdiction because there was "rendered a final judgment more than ten years ago, which judgment was never appealed from and all matters were settled in this case"; that there was no claim made in this cause "when it was tried in this court more than ten years ago by any person claiming to be the widow of Louis Pausic, deceased"; that "there was no dissent from the will when the cause of action was in progress"; that "there was no appeal from the final judgment and the time for appeal has expired"; that "if the said Johanna Pausic, at any time, after the death of Louis Pausic, had any interest in the property in question, she abandoned the same as a homestead, and cannot now, after approximately 15 years, * * * make a claim to the same."

On January 19, 1956, the probate court rendered a final decree, from which this appeal is taken, in which it overruled Johanna's motion to strike Frank's objections to "the report of commissioners", sustained Frank's "objections to the setting aside of exemptions and to the report of commissioners", and granted Frank's motion "to dismiss the exemption proceedings". The decree recites the following: "The court, *after hearing the issues raised and the evidence presented,* holds that Johanna Pausic *has not met the burden of proof* to establish that she was the common law wife of Louis Pausic, deceased, at the time of his death, and the court finds that Johanna Pausic was not the common law wife of Louis Pausic at the time of his death." [Emphasis supplied.]

As we understand it, appellant's insistence is that the court placed the burden on her of proving that she was Louis' common-law wife at the time of his death rather than placing the burden on Frank, the exceptor, to prove that she was not Louis' wife at the time of his death. The argument seems to be that § 678, Tit. 7, Code 1940, expressly places the burden of proof on "the party excepting", and hence it was error to hold, in effect, that the burden of proof was on appellant to establish that she was Louis' common-law wife at the time of his death. Our view is that § 678 is not controlling and that the point is not well taken. As we see it, proof of appellant's marriage status to Louis at the time of his death went to the jurisdiction of the probate court. Obviously, in order for appellant to be entitled to a widow's exemptions it was incumbent on her to establish her claimed status as Louis' widow. One of the jurisdictional averments of a petition to set aside a widow's exemptions is that petitioner is in fact the decedent's widow and the burden is on the petitioner to establish that fact. Due to the condition of the record we do not have any way of knowing exactly what "issues were raised" and "what evidence was presented" at the "hearing" by the court. It may be that appellant failed to prove, in the first instance, that she was Louis'. widow by virtue of a ceremonial marriage. Or it may be that proof was made of a ceremonial marriage and that such marriage had ended by divorce. If such be the case, the only other way of establishing that she was his widow was to show a subsequent common-law marriage. In that situation the burden of establishing her widowhood by virtue of a common-law marriage still rested on her. Since error cannot be presumed on appeal Alabama Digest, Vol. 2A, Appeal and Error, ⬯901, and cases there cited, we must hold that the decree of the probate court was based on and supported by evidence heard by the court, but not included in the record before us.

The decree is due to be affirmed.

Affirmed.

SIMPSON, MERRILL and SPANN, JJ., concur.