WRIGHT, Presiding Judge.
This is a divorce case. The wife appeals from that part of the judgment failing to grant alimony. The issue is whether the trial court abused its judicial discretion. We reverse.
The action for divorce was begún by the husband filing a petition alleging incompatibility. The wife counter-filed alleging incompatibility, abandonment and adultery. After oral hearing the court entered a judgment of divorce for incompatibility. The judgment provided that each party retain the property possessed and they pay their own debts. No award was made to the wife except an attorney fee of $300.
The evidence presented disclosed the following: The husband and wife are fifty and fifty-four years of age respectively. The marriage of some thirty years produced children who are no longer dependent. The husband is retired from the navy and is presently receiving retirement pay of $3,744 annually. He is employed as a pharmacist’s assistant and earns approximately $7,800 annually. The wife is employed by a realty company earning $7,800 annually. Her future employment is uncertain. The department in which she works is being phased out. A divorce will end her rights to the benefits of a retired serviceman’s wife. Neither party owns any real property or other material assets.
During the marriage, the primary responsibility of rearing the children and maintaining a home had been carried by the wife. Since his retirement in 1969, the husband has left the home, first in South Carolina, then in Ohio and last in Montgomery and resided with other women. He admits to both extended and casual adulterous relationships with more women than he can estimate. In 1975, he left the family home and began cohabitation with another woman. That relationship presently continues. During the separation, the wife has received the husband’s retirement check and used it for her benefit and that of the children then residing with her.
The wife contends that the failure of the trial court to grant her alimony was due to its refusal to consider the fault of the husband in the destruction of the marriage and the erroneous view of the court that the alimony statute denies equal protection of the law. Statements by the judge which appear in the record support such contention.
Though a divorce granted upon the ground of incompatibility does not directly require a finding of fault, this court has stated that fault related to the cause of the divorce or breakdown of the marriage is an element for consideration in the exercise of the discretion in granting alimony. Gamble v. Gamble, 53 Ala.App. 168, 298 So.2d 254, cert. denied, 292 Ala. 721, 298 So.2d 260 (1974); Phillips v. Phillips, 49 Ala.App. 514, 274 So.2d 71, cert. denied, 290 Ala. 370, 274 So.2d 80 (1973). It must follow that a refusal to consider fault, particularly that of abandoning the wife and living in an open and notorious state of adultery for more than a year, must be considered improper and erroneous.
In view of our recent decisions in the cases of Blackwell v. Blackwell, 348 So.2d 500 (Ala.Civ.App.1977) and Orr v. Orr, 351 So.2d 904 (Ala.Civ.App.), cert. denied, 351 So.2d 906 (Ala.1977), and subsequent reaffirmances, we also must consider adher *196 ence by the trial judge to a contrary view erroneous and cause for reversal.
In view of the absence of a conflict in the material evidence relating to the status of the parties and their financial affairs, we review the judgment of the trial court without presumption of correctness. Babcock v. Smith, 285 Ala. 557, 234 So.2d 573 (1970). It is our opinion under the undisputed facts that the discretion of the trial court was abused in failing to award reasonable alimony to the wife in this case. We therefore reverse the judgment insofar as it fails to award alimony. We further remand to the trial court for a determination of what is a reasonable amount of alimony to be awarded the wife.
In view of the undisputed evidence that the wife has been a faithful and forgiving companion and mother while the husband sailed the seas and enjoyed the favors of a multitude of “strange” women, it would appear to this court that such a long-suffering wife, when finally totally abandoned by the wandering husband in favor of another companion, should not be left completely to her own resources, but should share in the benefits of the retirement so happily earned by the husband. We respectfully suggest, but do not direct, that a reasonable award would be one-half the amount of the retirement of the husband.
At the request of the wife, we award her the sum of $300 as a reasonable attorney fee on appeal.
AFFIRMED IN PART, REVERSED IN PART & REMANDED.
BRADLEY and HOLMES, JJ., concur.