This is an appeal from the denial of a petition to modify a divorce decree
The wife requested a final property settlement, a sale for division of jointly-owned real estate, an increase in child support and alimony payments, and a modification of the custody provisions of the original decree.[1]
After an ore tenus hearing, the trial court: (1) held that the property settlement embodied in the original decree was final and as such not modifiable; (2) granted the request for a sale for division of the jointly-owned real estate; and (3) denied the request for an increase in child support and alimony payments. The wife appeals to this court
The issues presented are whether the trial court erred in holding that its original decree of August 8, 1979, was a final and conclusive property settlement between the parties, not subject to modification; and whether the trial court abused its discretion in failing to increase the amount of child support and alimony. We find no error or abuse of discretion and affirm
The record viewed with the attendant presumption reveals the following pertinent facts:
The parties were divorced by a decree of the Circuit Court of Montgomery County, Alabama, on August 8, 1979. The wife was awarded custody of the two minor children *Page 978 
born of the marriage. The decree provided that the husband would pay periodic alimony in the amount of $1,200 on or before January 1, 1980, and $2,500 on or before January 1 of each year thereafter through the year 1984. The alimony will terminate on the wife's death or remarriage. The title to the family residence and an unimproved lot at Perdido Bay was vested jointly in the husband and wife, with the husband responsible for the mortgage payments and all major repairs on the residence. Child support was ordered in the amount of $700 per month and the husband was further required to pay the children's tuition at Montgomery Academy, provide hospital and medical insurance coverage for them, and maintain life insurance in an amount not less than $100,000 with the children as designated beneficiaries. Neither party appealed the final decree of divorce
At the hearing on the petition to modify the decree, the wife requested that the court distribute certain stock owned by the husband in Jenkins Brick Company. The court, however, in an order concerning discovery prior to trial, stated that the August 8, 1979 order was intended to make a property settlement between the parties and to "finally and conclusively" settle the amount of property which the wife would receive from the husband, specifically with respect to distribution of the real property and the Jenkins Brick Company stock.[2]
The wife testified that she and the children incur expenses of $1,997 per month, but the record reveals that amount includes some expenses, such as the mortgage, which are in fact paid by the husband, and others, such as maid expense, which are not actually incurred every month. The wife had been offered jobs with an average salary of $700 per month which she declined because the expense of additional day care for her son would cut so drastically into her profit. A part-time job had yielded about $500 for the year following her divorce
The husband testified that from August 1979 to August 1980, he had expended over $27,000 for the benefit of his children and former wife. In 1979, the year of the divorce, his total income was about $80,000 including a $29,000 dividend from his Jenkins Brick Company stock. In 1980 his total income dropped some 43%, due mainly to the lack of stock dividends resulting from the Jenkins Brick Company losses sustained in that year The husband's income for 1980 was thus approximately $45,000
It is settled in Alabama that the trial court has wide discretion in making a property division and in awarding alimony in gross. Makar v. Makar, 398 So.2d 717 (Ala.Civ.App 1981); Reynolds v. Reynolds, 376 So.2d 732 (Ala.Civ.App. 1979) Alimony in gross should effect a final termination of the property rights and relations of the parties, Thompson vThompson, 377 So.2d 141 (Ala.Civ.App. 1979), and is intended to compensate the wife for her loss of inchoate marital rights, giving her the present value of future support had she remained married. Hager v. Hager, 293 Ala. 47, 299 So.2d 743 (1974). The terms of a property settlement or award of alimony in gross contained in a decree of divorce may not be changed or modified without jurisdiction being expressly retained, after thirty days have expired from the date of the decree. Duboise vDuboise, 275 Ala. 220, 153 So.2d 778 (1963); McEntire vMcEntire, 345 So.2d 316 (Ala.Civ.App. 1977); Kelley v. Kelley,53 Ala. App. 608, 303 So.2d 108 (1974); Rule 59, A.R.C.P
In the instant case the wife did not appeal the trial court's determination of the property settlement. With no record of the original proceeding, we must assume that the trial court considered all relevant factors in coming to its decision Furthermore, in the record of the present proceedings, we find explicit statements that the court had indeed intended in the original decree to effect a final settlement between the parties as regards both the real property *Page 979 
and the husband's stock in Jenkins Brick Company. We find that the trial court was correct in holding that the wife was not entitled to a modification of this final settlement
Unlike alimony in gross, an award of periodic alimony based on the husband's future earning capacity is modifiable without an express reservation of control in the decree. Hager, supra.
The power to modify it is inherent in the equity courtMontgomery v. Montgomery, 275 Ala. 364, 155 So.2d 317 (1963) Therefore, periodic alimony may be altered upon a showing of changed circumstances. Shirley v. Shirley, 397 So.2d 156
(Ala.Civ.App. 1981); DuValle v. DuValle, 348 So.2d 1067
(Ala.Civ.App. 1977). Likewise, the trial court's modification of a prior decree for child support, because of changed circumstances of the parties, is a matter within that court's discretion. Wise v. Wise, 396 So.2d 111 (Ala.Civ.App. 1981);Young v. Young, 376 So.2d 737 (Ala.Civ.App. 1979). The burden of proof, however, of a material change in circumstances sufficient to warrant a modification of a previous decree relating to child support and periodic alimony is on the petitioner. McEntire, supra; Clarke v. Clarke, 47 Ala. App. 558,258 So.2d 902 (1972)
We must review the trial court's judgment in a divorce case with the presumption of correctness when that court heard the testimony and viewed the witness. Hurd v. Hurd, 397 So.2d 133
(Ala.Civ.App. 1980), cert. denied, 397 So.2d 135 (Ala. 1981) We will not, therefore, reverse that judgment unless the trial court's determination is so unsupported by the evidence as to be a clear abuse of judicial discretion. Moore v. Moore,396 So.2d 1074 (Ala.Civ.App. 1981); Johnson v. Johnson,360 So.2d 996 (Ala.Civ.App.), cert. denied, 360 So.2d 999 (Ala. 1978). On the record before us we find no abuse of discretion in the trial court's refusal to increase the alimony and child support payments to the wife
The judgment of the trial court is due to be affirmed
AFFIRMED
BRADLEY and HOLMES, JJ., concur
[1] In a separate hearing, the custody modification aspect of the petition was denied and the order affirmed by this court inJenkins v. Jenkins, 395 So.2d 1045 (Ala.Civ.App. 1981).
[2] It appears that the husband owned approximately 16 1/2% of the outstanding shares of stock in Jenkins Brick Company. The company had shown a profit of $172,000 in 1979, but had shown a loss of $951,737 for the year 1980.