Coastal Realty and Mortgage, Inc., appellant, defaulted in the repayment of a loan extended to it by First Alabama Bank, appellee. The Circuit Court of Mobile County ordered the appellant to pay $3,164.22 to appellee as reasonable attorneys' fees for the collection of the loan. Coastal appeals from the trial court's order and this court is required to affirm.
Coastal executed a promissory note in the amount of $8,500 to the bank on February 25, 1981. Coastal was to repay the note by May 26, 1981. The note specified that Coastal would "pay all costs of collecting or *Page 1316 
securing or attempting to collect or secure this note, including the reasonable attorney's fees of the Bank where an attorney is consulted."
Coastal admits, in brief, that it failed to pay the note on the date it matured. After the note became due, Coastal claims that it contacted the bank about paying the principal and interest due on the note. The bank, however, had already referred the Coastal file to the bank's attorneys so that the collection process could begin.
Coastal apparently contacted the bank's attorneys and was informed that the principal and interest equaled approximately $9,400. Furthermore, the bank's attorneys advised Coastal that attorneys' fees amounting to $3,162.59 were due pursuant to the terms of the note.
On September 17, 1981, Coastal filed a petition for declaratory judgment requesting the trial court to determine the rights and duties of the parties under the note. Specifically, Coastal asked the trial court to determine what would constitute a "reasonable attorney's fee" under the circumstances of the instant action. Coastal averred that the $3,162.59 requested by the bank's attorneys as their legal fees was not reasonable.
Along with its petition for declaratory relief, Coastal paid into the court $9,492.67, which approximately equaled the principal and interest then due to the bank on the note.
On the same day Coastal filed its petition, the bank's attorneys filed a complaint against Coastal for the principal, interest, and attorneys' fees due on the note. The record does not reveal which lawsuit was filed first nor is it relevant which lawsuit was filed first.
The trial court ordered that the bank's suit on the note and Coastal's action for declaratory relief be consolidated. The trial court further ordered that the sums previously paid into court by Coastal, $9,492.67, be disbursed to the bank. The trial court said that it would determine at a later date what would be reasonable attorneys' fees payable pursuant to the note.
Coastal then propounded certain interrogatories to the bank's attorneys. These interrogatories were apparently never answered.
On November 25, 1981, the trial court entered an order concerning the matter of attorneys' fees. The trial court began the order by stating that "[t]his cause having come on for hearing on the 24th day of November, 1981 at a pre-trial conference, after oral argument of counsel for the parties hereto, it is ORDERED, ADJUDGED and DECREED as follows: . . .". The court next set out the pertinent facts of Coastal's default and then determined that $3,164.22, or one-third of the principal and interest due on the note, constituted reasonable attorneys' fees. Coastal was ordered to pay that amount to the bank.
Coastal moved for a new trial, alleging that the trial court's findings were not based upon any evidence and were contrary to the law. Coastal also claimed that it had been deprived of its right to a hearing of evidence upon the question of the reasonableness of the attorneys' fees.
The motion for new trial was denied and Coastal appeals.
Coastal contends on appeal that there must be a presentation of evidence as to the reasonableness of attorneys' fees. It is Coastal's contention that, under the circumstances of the instant case, the trial court cannot award attorneys' fees without an evidentiary hearing.
Coastal indicates, in brief, that the trial court made a determination of the reasonableness of attorneys' fees even though no answers to interrogatories had been filed, no stipulations of fact were made by the parties, and no evidence was taken. According to Coastal, the trial court merely entered an order after a pretrial conference without allowing Coastal to present evidence concerning the amount of the attorneys' fees for which it should be liable.
The bank does not specifically refute Coastal's claims that there had been no evidentiary hearing. The bank does indicate, *Page 1317 
in brief, that attorneys for the bank along with expert witnesses for the bank were present in open court and that extensive arguments were presented by both parties.
Error on the part of the trial court will not be presumed on appeal. Pausic v. Pausic, 265 Ala. 44, 89 So.2d 522 (1956). In the instant action, the burden was on Coastal to affirmatively demonstrate from the record that an error was committed by the trial court. Roberts v. Roberts, 354 So.2d 21 (Ala.Civ.App. 1978).
The record before us in this case does not support Coastal's claim that the trial court erred by failing to hold a hearing to determine the reasonableness of the attorneys' fees. Moreover, the trial court, in the above referenced order, specifically stated that the attorneys for the bank and Coastal appeared before the trial court at a hearing. The record reveals no objection by Coastal to the trial court's action of treating the November 24 conference as a hearing. There is nothing in the record to indicate that Coastal did not have an opportunity to make arguments of counsel, present evidence, or arrange for the reporting of the proceedings.
This court must review the record on appeal in the light most favorable to the appellee. Sims v. Struthers, 267 Ala. 80,100 So.2d 23 (1957); Ryals v. Laney, 338 So.2d 413 (Ala.Civ.App. 1976). We note that one interpretation of the record does support Coastal's claim that the trial court rendered an order without an evidentiary hearing. The reading of the record most favorable to the bank, however, is that the trial court did indeed have a hearing, after which it entered an order setting the amount of attorneys' fees. On the bare record before us on appeal, this court must adopt the latter reading of the record and give effect to the trial court's statement that a hearing was held on the issue of attorneys' fees.
Finally, the amount of attorneys' fees is a matter within the sound discretion of the trial court. Hampton v. Gulf FederalSavings Loan Association, 287 Ala. 172, 249 So.2d 829 (1971);Ingalls v. Hare, 266 Ala. 221, 96 So.2d 266 (1957). There is nothing in the record to indicate that the trial court abused its discretion in awarding attorneys' fees of $3,164.22, or one-third of the amount of the principal and interest due on the promissory note.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.