This is a divorce case.
Following their divorce on October 18, 1982, both parties filed a series of motions. Among other things the wife sought to enforce the divorce decree's division of their real property. The husband sought to modify the decree's provisions regarding alimony and child support.
The trial court ordered that a survey be made of the parties' property so that a division could be made. The trial court subsequently entered another order, approving the survey and ordering the parties to execute deeds to each other. It further decreed that the husband was in contempt *Page 434 
for not obeying certain orders of the court and ordered him to pay the arrearage owing on alimony and child support.
From these orders the husband appeals. We affirm.
The husband raises no less than fifteen issues on appeal. Yet his argument contains citations to authorities for only two of those issues. For many of the issues, moreover, the husband does not even give reasons for his contentions. Rule 28 (a)(5) of the Alabama Rules of Appellate Procedure requires an appellant to present an argument in his brief which contains "the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on." The husband's brief falls below this minimum standard.
We will, therefore, address only those two issues for which the husband provided the court with arguments wherein he cited supporting authorities. Eady v. Stewart Dredging and ConstructionCo., 463 So.2d 156 (Ala. 1985). See Stover v. Alabama Farm BureauInsurance Co., 467 So.2d 251 (Ala. 1985); In re Gunn,467 So.2d 963 (Ala.Civ.App. 1985).
The husband argues that he "has not been treated with equality" and that his rights of equal protection have been violated. While the court agrees with the husband's contention that there is no presumption in favor of either party to a divorce, we disagree with his argument that his rights have been violated. In fact, the husband points to nothing in the record which in any way indicates that his equal protection rights have been violated. Simply because the trial court made certain rulings in the wife's favor and certain rulings against him, it did not violate his equal protection rights.
A party who complains of an error by the trial court must affirmatively show from the record on appeal that such error was in fact committed. Tucker v. Nichols, 431 So.2d 1263 (Ala. 1983);Coastal Realty and Mortgage, Inc. v. First Alabama Bank, N.A.,424 So.2d 1315 (Ala.Civ.App. 1982); Roberts v. Roberts,354 So.2d 21 (Ala.Civ.App. 1978). This the husband has not done.
The husband also argues that the trial court erred in failing to order that the wife reimburse him for child support payments made to the wife for a child who was living with the husband. It appears that, though the wife had legal custody of the child, she had allowed him to live with the husband. In its final order the trial court modified the child support so that the husband no longer was required to pay support for the child, but the court did not order reimbursement of earlier support payments.
Modification of child support is a matter within the discretion of the trial court, and its judgment in that regard will not be reversed unless an abuse of that discretion is shown. Holman v.Holman, 435 So.2d 98 (Ala.Civ.App. 1983); Jenkins v. Jenkins,406 So.2d 976 (Ala.Civ.App. 1981). Moreover, on appeal of a divorce case which has been presented to the trial court ore tenus, the judgment of the trial court is entitled to a presumption of correctness and will not be reversed unless it is so unsupported by evidence as to be clearly an abuse of the court's discretion.Jenkins, 406 So.2d at 979. See Cain v. Cain, 452 So.2d 874
(Ala.Civ.App. 1984); Klyce v. Klyce, 429 So.2d 1081 (Ala.Civ.App. 1983).
The husband has not presented any argument that shows an abuse of the trial court's discretion in its failure or refusal to order a reimbursement of child support payments. As already stated, it is the duty of the husband affirmatively to show this court that the error of which he complains was committed by the trial court. Tucker, 431 So.2d at 1264; Coastal Realty andMortgage, Inc., 424 So.2d at 1317; Roberts, 354 So.2d at 26. The husband has failed to show such error with regard to the issue of reimbursement of child support. The cases the husband cites do not support his contention that he was entitled to such reimbursement. *Page 435 
This case is due to be and is affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.