WRIGHT, Presiding Judge.
The father appeals a judgment of paternity on the ground that a blood test was admitted into evidence without the laying of a proper foundation.
The following facts lead us to affirm and decide in favor of the plaintiff-appellee: the blood test and its predicate were the subject of plaintiff’s request for admission; the defendant neither denied nor admitted the matters in question, stating “he does not know if this is true or not and he has no way of knowing if it is true”; the court found defendant’s response inadequate and deemed the blood test and predicate to be admitted under Rule 36, A.R.Civ.P.; defendant has not raised the issue of the court’s ruling on his response to plaintiff’s request for admission, nor did he mention in his brief that the material evidence in question had been admitted as the result of his response.
*470 Appellant argues the court erred m admitting the evidence at trial as error, not the threshold issue of whether there was error in deeming the evidence admitted under Rule 36. As the rule states, any matter so admitted is conclusively established for the purpose of the pending action. Rule 36(b), A.R.Civ.P. By the time of trial the admissibility of the blood test and its predicate was no longer a factual issue: the evidence had already been established as fact under Rule 36.
Because we are limited in our review to those issues for which the appellant provides appropriate argument with citations to supporting authority, Porter v. Porter, 477 So.2d 433 (Ala.Civ.App.1985), we do not reach the merits of appellant’s contention that the blood test was inadmissible without the laying of a proper foundation. Appellant objects to the admission of evidence at trial that was conclusively established prior to trial. Without an argument that the evidence should not have been so established as fact, we are not able to rule on the admissibility of the evidence at trial. However, we do note that blood test results may be admitted into evidence by the state if the statistical probability of the alleged father’s paternity is available. § 26-17-12(b), Code of Alabama 1975. That statistic was available and showed a 99.9% probability that the defendant is the father.
The trial court judgment is summarily affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.