After twenty-one years of marriage the wife filed suit for divorce, alleging incompatibility of temperament. The husband answered and counterclaimed on the same grounds. The marriage produced two children, one of whom is a minor, age sixteen years. After oral hearing, judgment was entered divorcing the parties, providing alimony, child custody to the wife with child support, and a property division. The wife, after denial of post-trial motion, appeals, charging abuse of discretion in the terms of the property division and awards of alimony and child support.
 We have carefully examined the testimony of the parties and witnesses and find the material evidence to be undisputed and as follows:
For sixteen and one-half years after military service the husband was employed by Xerox as a technician. He was fired from that employment. However, during his employment with Xerox he established a retirement account, which after dismissal he rolled over into an IRA account. When that account matures in 1990, it will have a value of $58,000 to $59,000. Through the *Page 289 
research and effort of the wife, the husband received severance pay of $16,000 from Xerox. The husband is presently employed as a long-haul truck driver with earnings of more than $24,000 per year.
 The wife, though only forty-two years of age, is beset by asthma, arthritis, sinus infections, and headaches. She has almost daily breathing difficulties, which at times require medical treatment in the hospital emergency room. She is so disabled as to prevent employment outside the house and is without job skills or experience. Her drug and medical expenses are substantial. (The minor daughter is also disabled with progressive, acute rheumatoid arthritis.)
 The parties jointly own a home of the approximate value of $48,500, with a mortgage indebtedness of $13,500. Mortgage payments are $206 monthly. The home is in bad repair. The estimated cost of repairs is $8,000. The wife has the income tax refund for 1985 in the approximate amount of $1,800.
 The apparently good marriage of the parties came apart when the husband's personality changed after he became a truck driver. He admitted adultery, resulting in his transmitting to the wife a venereal disease.
 After oral hearing the trial court entered judgment. The portions of the judgment complained of by the wife and as otherwise pertinent are as follows: to the wife, child support in the amount of $220 per month; alimony, $400 per month; a 1978 automobile; four cemetery lots; an $1,800 tax refund; the home, with responsibility for mortgage payments of $206 per month, all repairs necessary now and in the future, taxes, insurance, and subject to a lien of $18,000 thereon bearing annual interest of 8% given to the husband. The trial court awarded to the husband a 1981 automobile, the $18,000 lien against the home with 8% interest, and exclusive interest in the IRA maturing in 1990 at a value of $58,000 to $59,000.
 The court is petitioned by appeal to set aside the awards of alimony and support, the division of property as to the lien on the home, and the giving of the IRA entirely to the husband because the awards are so unjust as to be an abuse of discretion. It, therefore, becomes the duty of the court to consider the evidence to determine if the petition of the wife is well taken. We must begin our consideration, keeping in mind that a trial court is imbued with a reasonable judicial discretion in determining awards of alimony, child support, and the division of marital assets. Wilson v. Wilson, 404 So.2d 76 (Ala.Civ.App. 1981). We may not disturb the exercise of that discretion unless the evidence discloses a clear and palpable abuse. Tate v. Tate, 477 So.2d 426
(Ala.Civ.App. 1985). It is a well-known proposition of law in such cases that the judgment of the trial judge entered after oral hearing of the evidence is supported by a presumption of correctness. Porter v. Porter, 477 So.2d 433 (Ala.Civ.App. 1985). However, it is an equally well-known proposition that there is no such presumption if the evidence presented is not materially disputed or in conflict. Warwick v. Warwick, 356 So.2d 194 (Ala.Civ.App. 1978). It is the considered opinion of this court that there is no material dispute presented by the evidence in this case. The presumption of correctness does not support the findings of the trial judge. It is, therefore, required of this court to view the evidence presented and to determine if the judgment entered by the trial court is so unsupported by that evidence and is so unfair and inequitable as to constitute an abuse of discretion. It is not without consideration of and respect for the long and distinguished service of the learned trial judge that we reach our conclusion. However, it is our conclusion that the judgment as to the division of property is so unfair to the wife that it must be reversed in two aspects.
It is our opinion that it is grossly unfair to attach to the home awarded to the wife the lien of $18,000 given to the husband. It is doubly unfair to require that the wife protect the lien of the husband by paying the mortgage indebtedness, paying for repair, maintenance, taxes and insurance, and paying to the husband annual interest on the value of his lien. Such interest alone is $1,440 a year. Additional unfairness consists *Page 290 
of giving to the husband the entire value of the IRA. The IRA has a present value of $46,456, which value approximates the unencumbered sale value of the home. Under the terms of the judgment, the husband is delivered assets of present and potential value of more than $77,000 come 1990, not including interest on his lien. The wife is delivered a home valued at $48,500, needing $8,000 in repairs, encumbered by a $13,500 mortgage and an $18,000 interest-bearing lien. Through no fault on the part of the wife, the parties are divorced. The provisions of the divorce decree obligate the wife to pay a debt of $31,500 ($18,000 lien, $13,500 mortgage) on the marital home which needs $8,000 in repairs. The husband is free from the obligation of the mortgage and family responsibility except for $620 monthly for support of a sick wife and daughter and the cost of some medical expenses and insurance on the daughter. It is not difficult to determine which party fared better in this case.
 All these things considered, it is the opinion of the court that the provisions of the judgment below pertaining to the establishment of a lien in favor of the husband upon the home, title of which was granted to the wife, be reversed and set aside. It is further the opinion of the court that the provision of the judgment vesting the entire interest in the IRA in the husband be reversed and set aside.
 It is the direction of this court that the absolute title of the wife to the home not be encumbered by any lien, claims, or interest of the husband and that the wife be granted and vested with an interest of not less than $10,000 in the IRA and that such orders as are necessary to divest such interest from the husband and invest same into the wife be transmitted forthwith to the investment firm of Merrill Lynch, or whatever firm, company, or association may have control of such account.
 It is the further opinion of the court, in view of the foregoing direction, that the judgment of the trial court in all other respects, including the awards of alimony and child support, should be and hereby is affirmed.
 Each party has requested an award of attorney fees on appeal. In view of the evidence that counsel for the wife has already been awarded a total fee of $4,317.50 by the trial court, we decline to award a fee to counsel of either party on appeal.
 The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975. This opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART WITH DIRECTIONS.
All the Judges concur.