ROBERTSON, Judge.
This is a divorce case.
After a hearing in which the evidence was presented to the trial court ore tenus, the court ordered, among other things:
“5. That in view of the withdrawal of approximately $11,000 from their joint account by Rose C. New, [wife] no alimony in any form is awarded.
“6. That the resulting equity from the sale of the house be divided equally or the tax liability divided equally.
[[Image here]]
“8. That the balance in the credit union of approximately $43,000 shall be divided equally between the parties.
“9. That the parties divide the personal household furniture. The evidence does not support a basis for a court award other than a four page listing by room with an asterisk. This does not appear equitable. The court will arbi *1048 trarily divide the same if the parties cannot agree.”
The wife appeals, arguing that the trial court erred in its failure to award her alimony, and, further, in its division, as well as lack of division, of the parties’ property and debts.
Initially, we note that a trial court’s award of alimony and its division of marital assets is a matter of judicial discretion. Poole v. Poole, 522 So.2d 288 (Ala.Civ.App. 1988). Factors for the court’s consideration in determining an alimony amount and dividing marital property include “ ‘the earning ability of the parties, future prospects, age, health, duration of the marriage, accustomed standard of living, source, value and type of property, and the conduct of the parties as related to the marriage.’ ” Dowdy v. Dowdy, 473 So.2d 1091 (Ala.Civ.App.1985) (citation omitted).
Likewise, a presumption of correctness attaches to the judgment of a trial court following an ore tenus proceeding. Poole. However, in situations where the evidence is not materially disputed or in conflict, this presumption of correctness does not attach. Poole.
We have carefully examined the record, and, applying the foregoing standards, find the judgment must be reversed.
The record evidence is clear that the wife did not withdraw $11,000 from the parties’ joint bank account. Instead, the parties had a joint bank account containing $43,-000, which the wife did transfer to an account in her name only. However, the husband’s attorney was notified of the transfer of the funds by the wife’s attorney. The transfer was effectuated following the husband’s statement to the wife that he would leave and she would not hear from him anymore if she did not like the husband’s offer of settlement. Further, all of these funds remain intact. Also, we note that this $43,000 represents the equity generated from the sale of the parties’ home.
Additionally, the $11,000 figure used by the trial court apparently came from the parties’ discussion of their tax liability. The evidence was that due to the sale of their home the parties owe $11,000 in taxes unless the money generated from the sale is reinvested in a new home. Thus, $11,000 was never withdrawn from an account. Further, the court apparently ignored certain other assets and liabilities of the parties in its division of the property. Among the items not considered were an I.R.A. in the husband’s name, $500 in savings bonds and several debts.
Other undisputed record evidence reveals that the wife did not graduate from high school, while the husband has both a bachelor’s degree and a master’s degree. Further, he only lacks 12 more hours before obtaining a second master’s degree.
The husband retired from the military with the rank of major. Consequently, he has a gross income of $1900 per month. The wife, on the other hand, works as a sales person at a local store, and her income averages $550 per month.
The parties’ marriage lasted 25 years. The husband testified that the wife was both kind and gentle and that the marriage ended due to different philosophies.
It would serve no useful purpose to continue to relate more evidence. Simply put, in view of the evidence and the attendant presumptions of review, the trial court’s division of the marital property and its refusal to award the wife alimony was in error.
Accordingly, the judgment of the trial court is reversed, and the case is remanded with directions to enter an order consistent with this opinion.
The wife’s request for an attorney’s fee on appeal is granted in the amount of $750.
REVERSED AND REMANDED WITH DIRECTIONS.
INGRAM, P.J., and RUSSELL, J., concur.