RUSSELL, Judge.
After ore tenus proceedings, the trial court entered a judgment on May 30, 1989, divorcing the parties and on December 14, 1989, entered a final judgment, dividing the marital property and providing alimony for the wife. The wife appeals, contending that the trial court abused its discretion by failing to award her a sufficient amount of property. We affirm.
We note at the outset that, after an ore tenus proceeding, the judgment of the trial court is presumed to be correct and will be set aside only when this court determines that it is plainly and palpably wrong. Euler v. Euler, 515 So.2d 710 (Ala.Civ.App.1987); Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App.1986). The trial court’s division of marital property is a matter of judicial discretion. Poole v. Poole, 522 So.2d 288 (Ala.Civ.App.1988).
The dispositive issue is whether the trial court abused its discretion in its determination of the division of property.
In view of the numerous precedential cases concerning the abuse of discretion of the trial court, we perceive no value in relating in detail the facts of the present case. However, we do note that the precipitating factor that led to the separation and divorce appears to be the husband’s decision to change his will and to place his holdings in a family trust, with the wife as the beneficiary during her lifetime, and a division of a certain tract of land among the wife and two other family members. The wife also alleged the unfaithfulness of the husband, but there was no evidence to support her allegations. This was a second marriage for both parties, which occurred late in life and lasted for eleven years. The husband was almost sixty-nine years old and the wife was fifty years old at the time of the marriage. There were no children born of the marriage. The husband was retired and had earned most of his extensive estate prior to this marriage. He died between the time of the final order of the trial court and the rehearing requested by the wife.
The husband’s estate was in excess of $1,000,000. The wife was awarded $203,-000 from the husband’s assets; the home that she had purchased, valued at about $75,000; two late model automobiles; all of the home furnishings; and an additional $28,508 for medical expenses, insurance proceeds, and attorney’s fees and court costs.
Upon review of this and other evidence presented, we find no plain and palpable abuse of discretion by the trial court.
*1110 Therefore, this case is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.