Appellant-wife was granted a divorce from her husband (appellee) by a decree of the Circuit Court of Mobile County on January 30, 1970. The decree of the circuit court ordered the husband to pay alimony and child support in the amount of $40 a week. The lot and the home in which the couple had resided remained in the joint ownership of the parties. However, the judgment of divorce specifically provided that the wife and the couple's only child, a daughter, were to retain possession of the home. The husband was directed to pay the monthly mortgage installments on this property. The decree continued by stating that "in the event the Complainant [wife] shall remarry, then the home place shall be sold, and after the costs incident to the sale and the mortgage balance thereon have been paid, the net balance shall be divided equally between the parties."
After the parties were divorced the husband frequently failed to provide either the support obligations or the mortgage *Page 349 
payments which he had been directed to pay. As a result of this situation, the wife instituted several actions seeking to have the husband pay the amount in arrears. Each time the wife's action was successful and the husband was ordered to provide her with the sum of money necessary to cover the arrearage. However, in August of 1973 the wife filed a petition for rule nisi. In this petition the wife alleged that the husband was in arrears in regard to support payments and that his whereabouts was unknown. Service on the husband was obtained by publication and thereafter a hearing was held. At the termination of this hearing the trial court found the husband to be in arrears and awarded separate judgments to the wife; the first, which was for the sum of $294, represented arrearage on the monthly mortgage payments; the second judgment was for $854 and consisted of unpaid alimony and child support. Execution was subsequently issued on these judgments and the Mobile County sheriff was requested to levy on and sell the husband's interest in his former residence. Thereafter a sheriff's sale was held and the wife purchased her ex-husband's interest in the home for the amount of court costs.
After obtaining her former husband's interest in the home, the wife did not receive any further alimony or support payments from her husband. However, sometime in 1977 she learned that her ex-husband was living in Pensacola, Florida. Upon ascertaining his new place of residence, the wife filed a motion for a judgment of arrearage alleging that the husband owed her $8,000 in unpaid alimony and child support.
A hearing was subsequently held on the wife's motion and the husband appeared to present his defenses. At the hearing the wife testified that she had not received any child support or alimony payments from her husband since October 31, 1973. Moreover, she stated that her former husband had not provided any mortgage payments since the same date.
The husband admitted that he had not paid his wife alimony or child support since October of 1973. In addition, he stated that he had failed to make some payments before October of 1973. However, he also testified that he had purchased his daughter an $800 automobile and bought her some clothes valued at approximately $136. Finally, he said that he had given his daughter $500 so that she could travel to Germany.
During the hearing the husband apparently contended that he should receive credit for the money which he had given his daughter and that the amount demanded by his wife should be reduced accordingly. Moreover, he asserted that his daughter finished high school in 1974 and that shortly thereafter she had gotten married. Accordingly, the husband maintained that his daughter was no longer dependent upon his support as of the date of her marriage and that his wife was not entitled to any child support for the period after the marriage of their daughter.
On the basis of this and other testimony the circuit court specified that the $40 a week awarded to the wife as child support and alimony in the original divorce decree was to be allocated as follows: $20 per week as child support, and $20 per week as alimony. The court then found that as of November 1, 1974 the husband was not required to furnish his wife with money for the support of their daughter. Thus the circuit court concluded that the $40 a week originally awarded to the wife as alimony and child support should be reduced to $20 a week constituting alimony only and that the effective date of this reduction was November 1, 1974.
Furthermore, based on the evidence presented to the court, the trial judge found that in February of 1974 the sheriff had levied on the husband's interest in the parties' jointly owned property and that as a consequence of this action the wife had purchased the interest of her former husband in that property. The court then held that the husband's interest in the property ceased on February 19, 1974 and that as of that date the lot and home thereon belong wholly to the wife. Consequently, the circuit court ruled that the husband was not *Page 350 
responsible for any mortgage payments due on the property after his interest was terminated by the judicial sale.
The court concluded its order by determining that the amount of arrearage for which the husband was liable was $2,024. From the findings and conclusions of the circuit court the wife appeals. (The husband did not file a brief in response to her appeal.)
In her brief to this court the wife contends that the judgment of the circuit court was in error for the following reasons: (1) the court's action in establishing future alimony payments violated her constitutional right to due process; (2) the court erroneously modified a property settlement; and (3) the court miscalculated the amount of arrearage to which the wife was entitled.
The first issue for our consideration concerns the wife's claim that her constitutional right to due process was violated because the circuit court determined the amount of alimony which she will receive in the future. Specifically, the wife submits that the failure of the circuit court to advise her that the issue of future alimony would be litigated deprived her of notice and denied her the opportunity to show facts which would have entitled her to a larger sum of alimony.
However, in view of the circumstances of this case we do not believe that the wife was unfairly denied an opportunity to present evidence which would have justified an increase in her future alimony income.
Our recent decision in Nabors v. Nabors, Ala.Civ.App.,354 So.2d 277 (1978) concerned the establishment of arrearages in regard to alimony and child support. In that case we were confronted with the question of whether a trial court could allocate a portion of a lump-sum alimony and child support award solely for child support. We said that the critical issue was not whether the trial court had modified past due installments of alimony and child support, but rather, whether the court, in ascertaining arrearages, had the authority to give the husband credits for the period after which the child became self-supporting, and on that basis reduce the amount in arrears with respect to the lump-sum alimony and child support award. As Nabors v. Nabors indicates, the father may receive a credit for child support made after the child has become self-supporting and his ability to receive this credit would be meaningless in a lump-sum alimony and child support award situation unless the trial court could allocate proportionate amounts as alimony and child support. Likewise, in the case at bar we conclude that the trial court was not, in actuality, modifying the alimony and child support award but was merely giving credit where credit was properly obtainable; that is, the court allocated a portion of the original "lump-sum" award as child support and then reduced the amount in arrears on that award by permitting the father to receive credit for the sum designated as child support for the period during which the child was no longer dependent on him for support.
Furthermore, we are not convinced that the wife was unaware that such a decision would be made by the trial court. Her petition specifically stated that the daughter was a minor but she also knew that this child had married and was no longer in need of support from the father. Accordingly, we are not convinced that the wife was prejudiced by the method used by the trial court in establishing the arrearages which she requested to be ascertained.
The court's action in this case did not modify or reduce the amount the wife had a right to receive as alimony. The divorce judgment originally provided her with $40 a week for alimony and child support. Since her child subsequently became self-supporting the wife is now entitled to only that portion of the original judgment which the court deemed to be for alimony. Nonetheless, we would note that awards of periodic alimony are never final and are amenable to change at any time depending on changed conditions.
In addition, there is nothing in the record to indicate that the attorney who *Page 351 
represented the wife objected to the modification of the original decree or complained to the circuit court that his client had been deprived of her constitutional right to due process by the court's failure to notify her that it planned to revamp its original decree. And it is well settled that the trial court will not be reversed on the basis of a matter not presented to that court or upon which that court had no opportunity to rule. Rule 4, ARAP and committee comments thereto.
The next issue presented for our review involves the wife's claim that the circuit court erroneously modified the property settlement which it had made in its earlier decree. Specifically, the wife contends that the circuit court in its original judgment gave the wife and child possession of the parties' former residence and ordered the husband to make the monthly mortgage payments on the home until the wife's remarriage, at which time the home would be sold and the proceeds divided between the parties. The wife submits that this provision constituted a property settlement (or an award of alimony in gross) and that it cannot be modified under the law of this state. We disagree.
The original decree of divorce provided that the wife and her child were entitled to possession of the family residence and that the husband was obligated to pay the monthly mortgage notes thereon; the decree continued by stating, "but in the event the Complainant [wife] shall remarry, then the home place shall be sold, and after the costs incident to the sale and the mortgage balance thereon have been paid, the net balance shall be divided equally between the parties."
We believe that the original divorce decree ordering the husband to pay the mortgage installments on the couple's former residence did not constitute a property settlement. The divorce decree indicates that the parties were to sell the property and divide the proceeds between them. The wife and child were given the right to remain in possession of the home until the wife remarried and the husband was ordered to pay the monthly mortgage installments on the house until the balance of the mortgage no longer existed. But if the wife did subsequently remarry, both husband and wife would contribute to the satisfaction of the mortgage indebtedness. As a consequence of the contingency of the wife's remarriage it is impossible to ascertain if the husband would ultimately pay the entire mortgage indebtedness or only a portion thereof. Had the court in its original judgment of divorce intended that the mortgage payments be used as a device to complete an equitable distribution of the property between the parties, it is difficult to imagine why that obligation would have been dependent upon a contingency that might or might not occur in the future thus subjecting the value or total of the husband's obligation to uncertainty in terms of dollars and cents.Alexander v. Alexander, 526 P.2d 934 (Okla. 1974).
We held in McEntire v. McEntire, Ala.Civ.App., 345 So.2d 316
(1977), that an award is alimony in gross or a property settlement when the amount of payment is fixed. The circuit court's original divorce decree did not meet this requirement.
Although an outstanding mortgage indebtedness is a fixed amount since the indebtedness of a mortgage may be calculated with certainty, the husband in the present case was not directed to satisfy the entire mortgage debt. He was only obligated to pay off the balance of the mortgage if his wife did not remarry before the debt had been liquidated. However, if she did remarry before the balance of the mortgage was paid, she would provide one-half of the cost of satisfying the mortgage indebtedness. Consequently, no one could predict the extent of the husband's obligation in regard to the mortgage on his former home. Therefore, we conclude that the payment of the monthly mortgage installment on the parties' property was not a part of a division of property or an award of alimony in gross. The monthly payments which the husband was ordered to make by the judgment of divorce were a supplement to the periodic alimony payments *Page 352 
described in the decree, and as such were modifiable upon a showing of changed circumstances. See Alexander v. Alexander,supra.
Moreover, in discussing the distinctions between alimony in gross and periodic alimony, the supreme court in Hager v.Hager, 293 Ala. 47, 299 So.2d 743 (1974) said that: "`periodic alimony' is an allowance for the future support of the wife payable from the current earnings of the husband" and "[w]hen the type of the award or awards intended is not particularly specified, the source of payment and the purpose are of prime importance."
In the instant case the original award was not specified as being either alimony in gross or periodic alimony, hence the source and purpose of payment is an important criteria in establishing what type of award was intended by the trial court.
Based on the record before us, it would not have been unreasonable for the trial court to conclude that payment of the monthly alimony and child support obligation and the payment of the mortgage installment each month would come from the husband's current earnings. Nor would it be unreasonable for the trial court to have concluded that the payment of the mortgage installments was necessary for the current support and maintenance of the wife and child while the wife remained unmarried. Indeed, such a construction of the divorce judgment may well have been warranted in view of the fact that both wife and child were to retain possession of the family residence. Thus, the judgment would be subject to modification or change for the purpose of implementing the welfare or support of the child. Haney v. Haney, 50 Ala. App. 79, 277 So.2d 356 (1973). Consequently, we hold that the requirement that the husband pay the mortgage payments was a part of the periodic alimony and child support award. This being so, that portion of the decree dealing with the payment of mortgage installments could be modified; however, the court could not modify the payments which had matured prior to the wife's petition to establish arrearages solely on the basis that the husband lost his interest in the property once held jointly by the parties. On the facts before us any change in regard to the mortgage payments was entitled to prospective effect only. Whitt v.Whitt, 276 Ala. 685, 166 So.2d 413 (1964); Wood v. Wood,275 Ala. 305, 154 So.2d 661 (1963); and Morgan v. Morgan, 275 Ala. 461, 156 So.2d 147 (1963).
In the present case the husband lost his interest in the couple's jointly owned property as a result of his refusal to pay his former wife the amounts mandated in the original divorce decree. However, the circuit court amended the original decree in the order it entered on the wife's motion for a judgment of arrearage. The court held that since the husband did not own any interest in the property in question he was no longer responsible for the monthly mortgage payments; the court further concluded that the husband's obligation to provide such payments terminated on the date that the wife purchased his interest in the property. This latter action erroneously modified the court's earlier judgment awarding the wife a monthly housing supplement to her periodic alimony and child support payments. The trial court had no authority to retroactively apply its subsequent modification of the mortgage payments provided for in its original decree to the date that the husband lost his interest in the jointly owned property. Payments arising after that date constituted outstanding judgments as they became due. Accordingly, the trial court could not eliminate the wife's right to collect these judgments by retroactively modifying the monthly housing supplement to the periodic alimony and child support payments.
The final issue for our review involves the wife's assertion that the circuit court incorrectly computed the amount of arrearage. In view of the trial court's failure to consider the past due mortgage payments in its judgment on the wife's action to determine the amount of the arrearage owed to her by her former husband, it is apparent that the court incorrectly *Page 353 
computed the amount of payments which were in arrears.
For the error committed, the judgment of the trial court is reversed and the cause remanded.
Appellant has requested that we award her a reasonable sum of money so that she might compensate her attorney for his services on this appeal. Due to the apparent financial circumstances of the parties in this proceeding and the fact that no attorney's fee was awarded below, we decline to award such a fee. Furthermore, we feel that we are also precluded from awarding an attorney's fee in the present case due to the provisions of Title 30, chapter 2, section 54, Code of Alabama 1975. See Carnes v. Shores, 55 Ala. App. 608, 318 So.2d 305
(1975).
REVERSED AND REMANDED.
WRIGHT, P.J., and HOLMES, J., concur.