The trial court refused to modify a divorce decree and this appeal is from that order.
Michael Thomas and Judy Pybus Thomas were divorced on January 7, 1977. The divorce decree incorporated a prior settlement agreement which included the following terms: (1) the wife was permitted to live in the jointly owned family house until she remarried or moved out of it; (2) the husband was required to pay the mortgage payments plus the taxes and insurance on the house until the wife remarried or moved out of it; (3) should the wife remarry or move out of the house, the house and lot is to be sold and the proceeds, after payment of costs of sale and any outstanding *Page 234 
mortgage indebtedness, are to be divided equally between husband and wife; and (4) the wife was to have the use and benefit of the household furniture until such time as she remarried or moved out of the house, at which time the furniture would be divided between the husband and wife as set out in the divorce decree.
On February 6, 1980 Michael Thomas filed a petition asking for a rule nisi to enforce the divorce decree or, in the alternative, to modify the said decree. In his petition Michael said that Judy, under the terms of the divorce decree, had been allowed to live in the jointly owned family home until she remarried or moved out of the house and that a material change of circumstances had occurred since the divorce decree in that Judy was living openly in the house with a man to whom she was not married in violation of § 30-2-55, Code of Alabama 1975. Section 30-2-55 provides in part as follows:
 Any decree of divorce providing for periodic payments of alimony shall be modified by the court to provide for the termination of such alimony upon petition of a party to the decree and proof that the spouse receiving such alimony has remarried or that such spouse is living openly or cohabiting with a member of the opposite sex.
Michael asked the court to require that the house be sold and the proceeds divided equally after payment of all costs and liens thereon as provided by the decree. He also asked that Judy be required to turn over to him the household and kitchen furniture as a result of the cohabitation with a member of the opposite sex.
Judy moved to dismiss the petition on the ground that the divorce decree provisions requiring the house to be sold and certain household furniture transferred to Michael in the event she remarried or moved out of the house were either a property settlement or an alimony in gross award and were therefore nonmodifiable. The court granted the motion to dismiss and Michael appeals.
The dispositive issue here is whether the divorce decree provisions above mentioned are to be considered as alimony in gross and a property settlement and therefore nonmodifiable, or whether those provisions are to be treated as awarding periodic alimony and therefore modifiable. We consider the provisions to be in the nature of periodic alimony and thus modifiable.
To qualify as a property settlement, the award must meet at least two requirements: (1) the amount and time of payment must be certain and (2) the right to it must be vested and not subject to modification. Cochran v. Cochran, 289 Ala. 615,269 So.2d 897 (1972).
The provisions of the divorce decree clearly provide that so long as Judy remains unmarried or does not move out of and away from the house, Michael must make the mortgage payments on the house and also pay the insurance and taxes thereon. Judy is also authorized to have the use and benefit of the household furniture if she does not remarry or move away from the house. However, if she remarries or moves out of the house, the property is to be sold and the proceeds divided equally after payment of any costs and outstanding indebtedness. Also, should Judy marry or move out of the house, certain household furniture is to be retained by Judy and the remainder of the furniture is to be Michael's.
We held in McGugin v. McGugin, Ala.Civ.App., 357 So.2d 347
(1978), a case very similar to the one at bar, that requiring the husband to make the mortgage payments on a house in which the wife was permitted to live until she remarried was to be considered as a part of a periodic alimony award and thus modifiable. Likewise, in the case at bar, the wife was permitted to live in the house until such time as she remarried or moved out. During the time the wife lived in the house, the husband was required to pay the monthly mortgage payments and the taxes and insurance. Upon her remarriage or removal from the house, the house would be sold and the proceeds, after payment of costs and outstanding mortgage indebtedness, would be divided equally between the two parties. *Page 235 
As we said in McGugin, the uncertainty attendant upon the time and amount of payment of the mortgage prevents the award from being a property settlement and makes it an award in the nature of periodic alimony.
A decree awarding periodic alimony may be modified on a showing of changed circumstances. McGugin v. McGugin, supra.
The appellant alleges that the circumstances have changed because the former wife is now living with a man in the marital house in violation of § 30-2-55, Code of Alabama 1975.
Whether the former wife is violating said section is a question of fact to be decided by the trial court after a proper hearing.
The judgment of the trial court dismissing the complaint is reversed and the case remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
WRIGHT, P.J., and HOLMES, J., concur.