This is a divorce case.
Janet Sue Stutts and Roy Dale Stutts were divorced May 8, 1980. The wife was awarded custody of the couple's minor child. The decree also gave her exclusive use and possession of the parties' home, and required that she maintain it. The husband was charged with making the mortgage payments. The wife's use and possession of the home was limited by the final judgment in the following manner:
 3. Upon the remarriage of the wife, the emancipation of the child, or the surrender of the possession of the property by the wife, the property shall then be sold. Should a sale become necessary, the parties shall be afforded ninety (90) days to effect a private sale of the house and lot. If a private sale cannot be effected within ninety (90) days, the parties may extend the time by agreement. If no agreement can be reached, the property shall then be sold by the Register after notice at public outcry. If the property is sold, the proceeds shall be applied to satisfy any encumbrance and to pay the expenses of sale, with the remainder then being distributed between the parties share and share alike.
No periodic alimony, as such, was awarded, but child support was set at $150 per month.
The home was subject to a first and second mortgage — the first held by Dollar Savings Bank and the second held by a Dr. Guice. The husband failed to make these payments as ordered for several months. The wife paid the back payments to Dollar Savings Bank to avoid threatened foreclosure proceedings. Subsequently, the wife filed a petition for modification of the divorce decree asking, in part, that the title to the home be vested in her absolutely, and that the husband be forced to reimburse her for the back payments made, catch up the mortgages and keep them current. The husband counterclaimed asking the court, in part, to relieve him of his obligation to make the mortgage payments since he was financially unable to do so.
The court modified its previous decree, vesting absolute title to the home in the wife and placing full responsibility for the mortgage payments upon her. The trial court also found the husband in arrears for child support in the sum of $1,104.[1]
In light of its decision awarding the house to the wife, the court forgave the husband's arrearage, and also ordered the wife to hold him harmless as to any deficiency judgment that might arise from the repossession of a 1977 van that had been granted to the wife in the original decree. The court stated that "This is done in consideration of his loss of the home."
The husband perfected this appeal contending that the trial court had no jurisdiction after the passage of thirty days from the entry of the original decree to modify that decree as to real estate which was the subject of a property division or regarding alimony in gross. This court agrees that that is a correct statement of the law in this state. See, Hartsfield v.Hartsfield, 384 So.2d 1097 (Ala.Civ.App.), cert. denied,384 So.2d 1100 (Ala. 1980); Higginbotham v. Higginbotham,367 So.2d 972 (Ala.Civ.App. 1979).
We find, however, that the original order as to present and future use and disposition *Page 115 
of the home was not a vested division of it. It was a continuation of the ownership subject to the conditions imposed upon the parties. There was no division due until after the happening of stated events. The obligation of the husband was to maintain support and mortgage payments. This obligation may be considered as child support and/or alimony. In either event, failure or inability of payment was cause for modification. The granting to the wife of the husband's interest in the home to satisfy past-due support or alimony and to substitute for such future obligations was permissible. There had been no prior divesting or vesting of title by the court, merely direction of use with conditions and ultimate disposal of the interests of the parties without further court aid. Because of failure of conditions, modification and vesting of title became necessary to provide a home and support for the wife and child. We consider what we said in Haney v. Haney, 50 Ala. App. 79,277 So.2d 356 (1973), to be dispositive here.
We find the husband's contention that the wife failed to show a substantial or material change of circumstances warranting modification unpersuasive. The trial court found sufficient change to modify its original decree. Such was in its wide discretion and will not be reversed except for palpable error and abuse of discretion. Murphree v. Murphree, 366 So.2d 1132
(Ala.Civ.App. 1979).
In light of the foregoing, this cause is due to be affirmed.
In response to the request of the appellee, the court hereby awards the sum of $500 to appellee as a reasonable attorney's fee for the services of her attorney on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.
[1] The wife pointed out that this sum is equal to six months of mortgage payments and one month of child support and was referred to in the modification judgment as child support.