This is an appeal by the husband from the Circuit Court of Dale County's denial of his petition to modify a 1978 divorce decree.
The divorce decree, in pertinent part, required the husband (appellant) to convey his one-half interest in the family home to his wife (appellee). The wife's interest in the home was to continue for her natural life or until her remarriage. In the event of the wife's death or remarriage the property was to pass to the couples' two adult children. The decree further provided that the husband was to pay the monthly mortgage payment on the property until the mortgage was paid in full "regardless of the remarriage of the present wife or other change of circumstances."
In a counterclaim to the wife's complaint for a rule nisi the husband sought to have the divorce decree modified to delete the requirement that he make the mortgage payments. The trial court considered the husband's petition at an ore tenus hearing which was held on October 6, 1981. After hearing the evidence the trial court denied the relief requested by the husband finding that the mortgage payment provision was nonmodifiable. This court finds no error in that finding and affirms.
The pertinent facts are as follows: At the time this action came to trial the wife had remarried and, as required by the decree, had conveyed her interest in the home to the adult children. The husband had also conveyed his interest to the daughters[1] so that the home was wholly owned by the couples' two children. The wife still occupied the home, however, with the consent of her daughters.
Though the record is not clear as to when, at some point in time the husband ceased to make the mortgage payments as required by the divorce decree. The wife then filed a complaint for a rule nisi in an attempt to compel the husband to satisfy the arrearage in the mortgage payments.
As a result of the wife's complaint the husband was ordered to appear and show cause why he should not be held in contempt for failure to abide by the decree. Evidently a hearing was held on November 10, 1980 at which time the husband, appearing with counsel, agreed to pay $2,426 in satisfaction of the house payment arrearage. There was evidence that this sum included an attorney's fee for the wife's attorney though we have no record of the proceedings or order. The husband was given six months to pay the sum.
Before the husband had paid the $2,426 the wife discovered that he had lost his job and was contemplating leaving the state. On February 11, 1981 the wife requested a temporary restraining order preventing the *Page 786 
husband from leaving the state. On March 16, 1981 the trial court entered an order reflecting the husband's agreement to remain in the state and retain his property here. The order also stated that the husband was to make the mortgage payments.
On March 31, 1981, the husband still having failed to pay any of the arrearage, the wife amended her original complaint to request relief for the husband's breach of the agreement to pay the mortgage. The husband then asserted a counterclaim requesting that the divorce decree be modified. As stated earlier, the trial court denied this request. Specifically, the trial court found that the provision requiring the husband to pay the mortgage was a property settlement or alimony in gross and, therefore, not modifiable. The court further found that the term "mortgage payment" included prorated taxes and insurance. The court also reaffirmed the husband's liability for the $2,426 he had previously agreed to pay.
On appeal the husband contends that the requirement that he make mortgage payments should more properly be considered periodic alimony rather than alimony in gross or a property settlement in that the amount of the payments is not certain and the title to the property is in the children. Since periodic alimony is subject to modification upon changed circumstances, the husband contends that his obligation to pay the mortgage should be terminated due to the wife's remarriage. § 30-2-55, Code of Ala. 1975 (Cum.Supp. 1981). The husband also contends that the trial court had no authority to enter a judgment for attorney's fees because the husband was not held in contempt.
This court finds no merit in the husband's contention that the mortgage payments are periodic alimony and modifiable. The divorce decree unconditionally required the husband to pay the mortgage in full. Consequently, the time of payment was certain and the exact amount of the payment was fixed. Both certainty in amount and time of payment are characteristic of alimony in gross and/or property settlement. Smith v. Smith, 365 So.2d 88
(Ala.Civ.App. 1978); McEntire v. McEntire, 345 So.2d 316
(Ala.Civ.App. 1977). Cf. McGugin v. McGugin, 357 So.2d 347
(Ala.Civ.App. 1978). Admittedly, the exact amount of the monthly payments is subject to some fluctuation due to the inclusion of insurance premiums and taxes within the monthly payment. We do not find, however, that this fluctuation is sufficient to deprive the husband's obligation of certainty; particularly when the husband agreed to make the mortgage payments apparently with the knowledge that the payments were subject to some fluctuation. Hartsfield v. Hartsfield,384 So.2d 1097 (Ala.Civ.App.), cert. denied, 384 So.2d 1100 (Ala. 1980).
We also note that the trial court did not err to reversal in holding that the insurance and taxes were included within the mortgage payments. The evidence indicates that the insurance and taxes had always been included within the mortgage payments. The husband was aware of this or should have been aware of this when he agreed to make the payments. Thus, though the decree does not specifically include the insurance and taxes within the mortgage payments, the surrounding circumstances indicate that it was the intention of the parties that the insurance and taxes should be included. DuValle v.DuValle, 348 So.2d 1067 (Ala.Civ.App. 1977).
In light of the above, this court must hold that the trial court did not err in holding that the provision in the decree regarding mortgage payments was nonmodifiable alimony in gross and/or property settlement.
Our conclusion in this instance is not altered by the fact that the couples' adult children ultimately became the owners of the property. The mortgage payments are not for child support. The payments were characterized as alimony in gross or property settlement at the time the divorce decree was initially rendered. This characterization will not be changed when, due to the provisions of the divorce decree which the husband agreed to, the ownership of the property later changes. *Page 787 
Additionally, even if these payments were considered as child support for adult children, they would not be improper as such due to the husband's agreement to make the payments. Holmes v.Holmes, 410 So.2d 115 (Ala.Civ.App. 1982); Ralls v. Ralls,383 So.2d 857 (Ala.Civ.App. 1980).
Finally, with regard to the husband's contention regarding attorney's fees, we note that, in the court's order of October 22, 1981, which it entered after the October 6, 1981 hearing, no attorney's fees were awarded to either party. The only evidence of any attorney's fee award was concerning the November 1980 hearing. A record of that proceeding is not before us and furthermore, there was no appeal from the action taken in that proceeding. Consequently, this court cannot consider any alleged error in those proceedings.
The wife requests an attorney's fee for representation on appeal. An attorney's fee of $300 is awarded to her for that purpose.
This case is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and BRADLEY, J., concur.
[1] Though the divorce decree required the husband to convey his interest to the wife, due to some oversight or mistake, he had not conveyed his interest to the wife at the time of her remarriage. Consequently, when the oversight was discovered, the husband simply conveyed his interest directly to his daughters because of the wife's remarriage.