This is an appeal from the modification of a divorce decree.
On November 21, 1974 Grace Holman was divorced from Charles Holman by decree of the Jefferson County Circuit Court. Three of the parties' four children are currently living with the wife. Under the provisions of the divorce decree, the husband was ordered to pay $125 per month for the support and maintenance of each of the minor children and $200 per month as periodic alimony to the wife. The decree also provided:
 "That the use and occupancy of the residential dwelling house, owned by the parties, at 2900 Wisteria Lane, Hoover, Jefferson County, Alabama, is hereby awarded to the plaintiff and she shall have the right to remain in occupancy of the said residential dwelling house and the real property on which same is situated and live in the home until such time as the youngest of the said minor children reaches the age of twenty-one years, or the plaintiff remarries or, the plaintiff decides not to live in the home, whichever event occurs first; and on the occurrence of any one or more of said events, the residential dwelling house of the parties and the real property on which same is situated, shall be sold and the net proceeds derived therefrom, shall be divided equally between the plaintiff and defendant. That the plaintiff, Grace Holman, shall pay, so long as she is in possession and occupancy of said real property, the monthly mortgage payments, ad valorem taxes, hazard insurance and the cost and expense of keeping the said residential dwelling house in a good state of repair. In the event of the death of the plaintiff or defendant before such time as the house is sold, the survivorship interest shall not be disturbed, and the survivor of the parties shall take full and complete title to the said real property to the same extent as if this provision of the Final Judgment of Divorce did not appear herein."
A petition for modification of the divorce decree was filed by the wife in December 1981. In her petition the wife stated that due to the effects of inflation she needed an increase in her husband's child support payments. She also alleged that one of the children was suffering from a certain physical condition that made the above quoted divorce decree provision inappropriate. The wife claimed the child's well-being required that they move. She asked the court to vest in her fee simple title to the house so that she could sell it and use all the proceeds to purchase another home. She stated that the court's prior disposition of the house was not an unmodifiable property settlement but was instead related to the support and maintenance of the minor children and is thus subject to modification.
After a hearing on the petition, the court increased the child support by $175 per month. The wife's request for title to the house was denied. The wife filed a motion for new trial in which she alleged that the increase in child support was inadequate. She also claimed that the trial court erred in failing to award her full title in the marital home. She requested, among other things, that the court make an entry of findings of fact and conclusions of law. The husband, in a motion to reconsider, *Page 100 
asked the court to lower his child support payments. He alleged that the wife failed to prove any material change in circumstances.
The court denied the wife's motion for new trial and the husband's motion to reconsider but did set out its findings. The court concluded that the marital home disposition "provision of the divorce decree is a property settlement which cannot be modified. See Monroe v. Monroe, 356 So.2d 196
[Ala.Civ.App. 1978] for a case that is factually very close to the case at bar."
The wife appeals and argues the trial court erred by concluding that the marital home disposition provision was an unmodifiable property settlement. She asserts our supreme court recognized that a conflict exists between Monroe, the decision relied on by the trial court, and other recent cases of this court.
The trial court in Monroe, gave to the wife the use and occupancy of the marital home. She was required to make the monthly mortgage payments and the husband was ordered to pay all reasonable and necessary maintenance and repairs. The property was to be sold and the net proceeds divided between the parties when the wife remarried or at such time as the children no longer lived with their mother. We held that this provision was a property settlement and could not be modified.
In McGugin v. McGugin, 357 So.2d 347 (Ala.Civ.App. 1978), the wife was given possession of the marital home but, as inMonroe, the property remained in the joint ownership of the parties. The husband was to pay the monthly mortgage installments. Upon wife's remarriage the property was to be sold and the net balance divided between the parties. This court held that:
 "[T]he original divorce decree ordering the husband to pay the mortgage installments on the couple's former residence did not constitute a property settlement. The divorce decree indicates that the parties were to sell the property and divide the proceeds between them. The wife and child were given the right to remain in possession of the home until the wife remarried and the husband was ordered to pay the monthly mortgage installments on the house until the balance of the mortgage no longer existed. But if the wife did subsequently remarry, both husband and wife would contribute to the satisfaction of the mortgage indebtedness. As a consequence of the contingency of the wife's remarriage it is impossible to ascertain if the husband would ultimately pay the entire mortgage indebtedness or only a portion thereof. Had the court in its original judgment of divorce intended that the mortgage payments be used as a device to complete an equitable distribution of the property between the parties, it is difficult to imagine why that obligation would have been dependent upon a contingency that might or might not occur in the future thus subjecting the value or total of the husband's obligation to uncertainty in terms of dollars and cents.
 ". . . [A]n award is . . . a property settlement when the amount of payment is fixed. . . .
 ". . . [N]o one could predict the extent of the husband's obligation in regard to the mortgage on his former home. Therefore, we conclude that the payment of the monthly mortgage installment on the parties' property was not a part of a division of property or an award of alimony in gross." [Citations omitted.]
McGugin v. McGugin, supra.
We also stated that periodic alimony is an allowance payable from the current earnings of the husband for the future support of the wife. Payment of mortgage installments was necessary for the support of the wife and child. This portion of the decree was modifiable.
In Thomas v. Thomas, 392 So.2d 233 (Ala.Civ.App. 1980), the divorce decree stated that the wife was permitted to live in the jointly owned marital home until she remarried or moved out. The husband was ordered to pay the mortgage installments, insurance and taxes. If the wife remarried or moved out, the house was to be sold and the net proceeds divided equally between *Page 101 
husband and wife. We held that the disposition of the marital home failed to qualify as a property settlement because the amount and time of the payment of the award were uncertain. Furthermore, to qualify as a property settlement the right to the award must be vested and not subject to modification. InThomas, as in McGugin, the right of the wife to use the property was contingent upon her remaining single. The provision was deemed by this court to be alimony and thus subject to modification.
This court in Stutts v. Stutts, 418 So.2d 113 (Ala.Civ.App. 1981), aff'd, 418 So.2d 115 (Ala. 1982), was once again confronted with the issue of whether a divorce decree provision disposing of the house was a property settlement award. The wife was awarded possession of the parties' home and custody of the couple's child. The husband was charged with making the mortgage payments. The home was to be sold and the proceeds divided upon the emancipation of the child, the remarriage of the wife, or the abandonment of the residence by the wife. We held "that the original order as to present and future use and disposition of the home was not a vested division of it." The decree provided a continuation of ownership subject to conditions imposed on the parties. No division of the property was due until after the happening of certain stated events. The husband's obligation to make mortgage payments could be considered alimony.
The Alabama Supreme Court in affirming our Stutts decision stated that a conflict exists between the Monroe and Stutts
opinions. The court determined that the McGugin decision contained the correct reasoning and Monroe should not be followed to the extent that it conflicts with McGugin. Ex parteStutts, 418 So.2d 115 (Ala. 1982).
In the case at bar the original decree set out that Mrs. Holman had the right to use and occupy the house until she remarries, or decides not to live in the house, or until the youngest child's twenty-first birthday. The similarity to the cited cases ends here, however, because the wife, during her occupancy of the house, was directed to pay the monthly mortgage payments, ad valorem taxes, hazard insurance and maintenance cost. The husband was not required to make any house-related payments. The rationale of McGugin and the companion cases is, therefore, inappropriate in this case. The husband made no house-related payments, thus there are no payments which can be construed as payments for the support and maintenance of the wife and children, which was the situation in the cited cases. Consequently, the provision in the decree cannot be periodic alimony or child support and thus modifiable.
Notwithstanding our conclusion that the provision in question is nonmodifiable, the trial court stated in its order that even if the provision could be construed as child support or alimony, "there has not been a material change in circumstances which would warrant a modification of that decree." It is well known that modification of a prior decree for child support or alimony because of changed circumstances of the parties is within the trial court's discretion and will not be reversed on appeal unless it is shown that the trial court abused its discretion. Jenkins v. Jenkins, 406 So.2d 976 (Ala.Civ.App. 1981). The trial court did not abuse its discretion in this aspect of its decree.
The wife also argues in brief that the $175 per month increase in child support awarded by the trial court is inadequate. Testimony presented by her at trial indicated that her expenses incurred in maintaining the household have increased from $7,845.75 in 1975 to $19,621.45 in 1981. During this same period, Mr. Holman's income rose from $33,900 in 1975 to $52,980 in 1981. She asserts that the amount of child support should depend upon the needs of the child or children and the parent's ability to pay. The wife suggested to the trial court that $300 per month for each child is a reasonable and adequate amount of child support. *Page 102 
As mentioned above, we note that an order modifying the child support provision of a divorce decree is in the trial court's discretion. Jenkins v. Jenkins, supra. The exercise of such discretion will not be disturbed on appeal absent a showing of plain and palpable abuse. Shirley v. Shirley, 397 So.2d 156
(Ala.Civ.App. 1981); Taylor v. Taylor, 372 So.2d 337
(Ala.Civ.App.), cert. denied, 372 So.2d 341 (Ala. 1979). From our review of the record, we find no evidence to support the wife's contention that the trial court abused its discretion.
The judgment of the trial court is due to be affirmed.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.