EDWARD N. SCRUGGS, Retired Circuit Judge.
The father appealed from a recent judgment which raised the amount of his payments for child support from $75 per week to $175 each week. He contends that that raise was so excessive that it constituted an abuse of discretion.
The parties were divorced in 1982. The divorce judgment ordered the father to pay the following: (1) $75 per week for the support of the two minor children of the parties; (2) the monthly house payment of $265 until the youngest child reaches his *942 majority, at which time the house will be sold and the proceeds divided equally among the parties; and (3) medical expenses for the children, including medical insurance which is provided by his employer. The children are now eleven and twelve years of age.
The father’s weekly gross income increased from $600 per week in 1982 to the present amount of $898. His estimated monthly expenses were $1,570, excluding the weekly child support.
During that six-year period, the mother had a slight increase in income. Her present weekly gross income is $80. She held other jobs during that period which paid better wages. Her income is supplemented by her parents. The living expenses for the mother and two children were estimated by the mother to be $2,096 per month. The children’s expenses have increased since 1982.
We now have guidelines to use in establishing or modifying child support. They are set forth in Rule 32 of the Alabama Rules of Judicial Administration. The computed amount under the guidelines is consistent and comparable with the $175 per week which the trial court ordered the father to pay.
The modification of a prior child support judgment because of changed conditions of the parties falls within the trial court’s discretion and will not be altered on appeal unless it is shown that the trial court plainly and palpably abused that discretion. Spragins v. Spragins, 501 So.2d 478 (Ala.Civ.App.1987); Holman v. Holman, 435 So.2d 98 (Ala.Civ.App.1983). We have carefully reviewed all of the record in a manner which is consistent with the applicable presumption of the ore tenus rule. The amount of the increase in child support was not palpably wrong, and the trial court did not abuse its discretion in that regard. The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.