BEATTY, Retired Justice.
The parties married in February 1986 and separated in August 1996. In September 1996, the wife filed a complaint for a divorce. The husband filed an answer and a counterclaim for a divorce, requesting that the trial court award him alimony.
After a hearing, the trial court divorced the parties. The divorce judgment stated:
“6. That the [wifel shall pay to the [husband] the sum of Two Thousand Dollars ($2,000.00) per month as periodic alimony, the first payment to be due and payable on November 15, 1997, and subsequent payments to be due and payable on the fifteenth day of each month thereafter. That the [wife’s] obligation hereunder shall terminate upon the first to occur of the following events: the [wife’s] death, the [husband’s] death, the [husband’s] remarriage, the [husband’s] commission of those acts contemplated in § 30-2-55, Code of Alabama (1975), or as otherwise provided by law.”
The wife filed a motion to alter, amend, or vacate, which was denied. The wife appeals, contending that the trial court abused its discretion in awarding “permanent” alimony to the husband.
Both the husband and the wife are 37 years of age. The wife is a certified public accountant and earns $120,000 per year. The husband suffered a nervous breakdown in November 1993 and has not been employed since that time. The husband currently receives Social Security disability benefits, but he testified that the monthly benefits are insufficient to provide the basic necessities.
In her appellate brief, the wife “does not contend that the trial court abused its discretion in awarding periodic alimony to the husband per se,” because she acknowledges that the “husband’s psychiatrist is of the opinion that [the] husband is ... incapable of employment at this time.” (Emphasis in original.)
The wife argues that the “permanent” nature of the alimony is an abuse of discretion and works an inequity upon her because, she says, “under the judgment of the trial court, [the] husband has no incentive to attempt to become self-supporting or attempt to improve his mental health” and, thus, the “husband will become a life-long charge upon the wife.” The wife maintains that the trial court should have fashioned the alimony award as “rehabilitative” in nature, so as to encourage the husband to take his medication, as prescribed, and to seek employment so that he might become self-supporting.
In McGugin v. McGugin, 357 So.2d 347, 350 (Ala.Civ.App.1978), this court stated, “[A]wards of periodic alimony are never final and are amenable to change at any time *40 depending on changed circumstances.” Consequently, if the husband’s circumstances change, the wife can always petition for modification.
In light of the foregoing, the trial court did not abuse its discretion when it ordered the wife to pay the husband $2,000 per month in periodic alimony. The judgment of the trial court is due to be affirmed.
The husband’s request for an attorney fee is granted, and a fee in the amount of $1,000 is awarded.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.