*482 THOMAS, Judge.
Joyce T. Lambert (“the wife”) and Raymond A. Lambert (“the husband”) were divorced in 1995. The divorce judgment incorporated an agreement of the parties providing that the wife would have custody of the parties’ minor child and the husband would pay $1,000 per month in child support — an amount that, the parties recognized in paragraph 4 of the agreement, was “not in conformity with [the Child Support Guidelines of] Rule 32, Alabama Rules of Judicial Administration,” but an amount that, the parties agreed, was “based upon a full and fair property settlement between the parties.” The judgment further provided, in pertinent part:
“2. That each party waives the right to receive alimony or support, whether periodic or in gross, from the other except as specifically provided below.
[[Image here]]
“8. That Defendant Husband shall construct a home for Defendant Wife in Cherry Ridge Subdivision with an appraised value of not less than $140,-000.000 nor more than $150,000.00 .... Defendant Husband shall be responsible for and pay the mortgage on said home with Plaintiff Wife being responsible for payment of taxes and insurance thereon.
“9. That as support and maintenance, Defendant Husband shall pay to Plaintiff Wife the sum of $25,000.00 within sixty (60) days of the date of the entry of a Judgment of Divorce herein.
“10. That as additional support and maintenance, Defendant Husband shall pay to Plaintiff Wife the sum of $20,000.00 on or before June 1, 1997.
“11. That title to the Cherry Ridge home shall be placed in Plaintiff Wife subject to a first mortgage to be secured by Defendant Husband in an amount not to exceed 80% of the appraised value to be amortized over a period not to exceed thirty (30) years, the payment of which shall be the sole responsibility of Defendant Husband. Said home shall not be further mortgaged or encumbered nor shall the original mortgage referred to herein be extended or altei*ed in any of its terms by either party without the express written permission of Plaintiff Wife and Defendant Husband, said permission not to be unreasonably withheld. Upon sale of the Cherry Ridge home, remarriage of Plaintiff Wife, her cohabitation with a member of the opposite sex or upon her ceasing to occupy said Cherry Ridge home place as her principal residence prior to the minor child of the parties attaining the age of nineteen (19) years, then Defendant Husband shall receive an amount equal to one-half of the appraised value of said home place as of the date of its construction. In the event that said house is not sold, Plaintiff Wife does not remarry or cohabit with a member of the opposite sex or cease to utilize said home place as her primary residence prior to the minor child of the parties attaining the age of nineteen (19) years, then Defendant Husband’s right to receive such sum shall terminate.
[[Image here]]
“15. That Plaintiff Husband shall maintain a policy of insurance on his life with a death benefit of not less than $150,000.00 naming the plaintiff Wife as the beneficiary thereof in an amount sufficient to pay off any balance on the mortgage described in paragraph 10 with the balance of the said death benefit to be payable to the minor child of the parties for so long as he remains obligated to pay support for said child. Defendant Husband shall not borrow against, plead or otherwise encumber said insurance policy so as to reduce the death benefit to a total death benefit *483 payable to the Plaintiff Wife and/or child of not less than $150,000.00. Defendant Husband shall furnish to Plaintiff Wife proof of the existence of said policy and its beneficiary provision and the fact that it has not been pledged, borrowed against or otherwise encumbered upon her reasonable request but in no event less than annually. The parties shall name the minor child of the parties as the sole beneficiary of their wills so long as he remains a minor.”
On December 4, 2006, the husband filed a “Motion to Modify and/or Clarify” the divorce judgment, asserting that his obligation to pay the mortgage on the Cherry Ridge home was “in the nature of [periodic] alimony in that it is terminable upon the happening of specific events,” and further asserting that his obligation had ended when the parties’ child reached his 19th birthday. The husband, therefore, requested that the court modify or terminate his obligation to make any further payments on the mortgage.
The wife filed an answer, asserting that the payments required by paragraph 11 of the divorce judgment represented a property-division or alimony-in-gross award, not a periodic-alimony award. The wife also filed a motion for a rule nisi, alleging that the husband was in contempt of a prior order of the court entered on September 24, 2004, requiring the husband to provide proof of life insurance as mandated by paragraph 15 of the divorce judgment.
It is undisputed that the parties’ child reached the age of majority in 2005 and that the husband has not claimed on his federal income-tax returns any deduction for the payment of periodic alimony or spousal support since the divorce.
On August 7, 2007, the circuit court entered the following order:
“This cause coming on to be heard on July 23, 2007, on the Motion to Modify and/or Clarify the Judgment of Divorce as filed by the [husband], and Motion for Rule Nisi as filed by the [wife]; both parties being present and represented by counsel; and from the pleadings, representations of the parties, and upon consideration, it is hereby ordered by the Court as follows:
“1. That the Court finds that paragraph 11 of the Judgment of Divorce shall be considered by the Court to be in the nature of periodic alimony and is hence modifiable.
“2. That this cause is hereby reset for hearing on October 22, 2007 at 9:00 a.m.”
“A ‘final judgment is a “terminal decision which demonstrates there has been a complete adjudication of all matters in controversy between the litigants.” ’ ” Horton v. Horton, 822 So.2d 431, 433 (Ala.Civ.App.2001) (quoting Dees v. State, 563 So.2d 1059, 1061 (Ala.Civ.App.1990)). The August 7, 2007, order was not a final judgment because it did not adjudicate all matters in controversy between the parties. Both the husband’s request to modify or terminate what, he claimed, was a periodic-alimony obligation and the wife’s counterclaim seeking to have the husband held in contempt were left unadjudicated by the order. On August 29, 2007, the wife filed what she called a “Motion to Alter, Amend or Vacate” the court’s August 7, 2007, order, challenging the correctness of the court’s ruling and requesting, in the alternative, that the court certify its ruling as a final judgment pursuant to Rule 54(b), Ala. R. Civ. P., so that she could appeal.
The wife’s motion was not a post-judgment motion pursuant to Rule 59, Ala. R. Civ. P., because the circuit court’s August 7, 2007, order was not a “judgment” within the meaning of Rule 54(a), Ala. R. *484 Civ. P. The wife’s August 29, 2007, motion was, in effect, a motion to reconsider an interlocutory order.
On February 12, 2008, the circuit court purported to deny the wife’s August 29, 2007, “Motion to Alter, Amend, or Vacate.” On March 10, 2008, the circuit court amended its February 12, 2008, order to add the following provision:
“By order of the undersigned, and upon consideration, it is hereby ordered by the Court that the Order heretofore rendered in this cause on February 12, 2008, is hereby amended nunc pro tunc to include the following:
“ ‘4. That pursuant to Rule 54(b), the Order of August 7, 2007, shall be a final judgment as to the claim with regard to the question of “the nature of periodic alimony.” There is no just reason for delay in resolving any question regarding this matter.’ ”
On March 24, 2008, the wife appealed to this court.

Whether the Circuit Court’s March 10, 2008, Order Was a Final Judgment

Although neither party has raised an issue concerning this court’s jurisdiction to entertain the wife’s appeal, we must first consider whether this court has jurisdiction over the appeal, because “ ‘jurisdictional matters are of such magnitude that we take notice of them at any time and do so even ex mero motu.’ ” Wallace v. Tee Jays Mfg. Co., 689 So.2d 210, 211 (Ala.Civ.App.1997) (quoting Nunn v. Baker, 518 So.2d 711, 712 (Ala.1987)). Section 12-22-2, Ala.Code 1975, provides, in pertinent part, that an appeal will lie to the appropriate appellate court “[fjrom any final judgment of the circuit court.” As we have previously stated, the circuit court’s August 7, 2007, order was not a final judgment because it did not adjudicate the husband’s request to modify or terminate what, he claimed, was a periodic-alimony obligation, and because it did not adjudicate the wife’s counterclaim alleging that the husband was in contempt of a prior order of the court. Instead, the circuit court’s August 7, 2007, order adjudicated only one claim — the husband’s request that the court “clarify,” construe, or declare the legal import of paragraph 11 of the divorce judgment. On March 10, 2008, the circuit court certified its August 7, 2007, order as final, pursuant to Rule 54(b), and the wife appealed 14 days later.
We conclude that the Rule 54(b) certification was appropriate. Rule 54(b) states, in pertinent part:
“When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.”
A judgment is final for Rule 54(b) purposes when it is “an ultimate disposition of an individual claim entered in the course of a multiple claims action.” Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 436, 76 S.Ct. 895, 100 L.Ed. 1297 (1956). In the present case, the circuit court entered what amounted to a declaratory judgment with respect to the husband’s request to “clarify” the meaning of paragraph 11 of the divorce judgment. Because the circuit court completely adjudicated the husband’s claim for declaratory relief, the circuit court’s August 7, 2007, order was a judgment that could be appealed when that order was made final by certification pursuant to Rule 54(b) on March 10, 2008. *485 See Alfa Specialty Ins. Co. v. Jennings, 906 So.2d 195, 198 (Ala.Civ.App.2005).

Whether the Mortgage Payments Constituted Periodic Alimony or Alimony in Gross

The wife argues that the circuit court erred by determining that the husband’s mortgage payments were in the nature of periodic alimony and, hence, modifiable. She contends, instead, that the mortgage payments constituted a nonmodifiable property settlement, or alimony in gross. In TenEyck v. TenEyck, 885 So.2d 146 (Ala.Civ.App.2003), this court summarized Alabama law concerning periodic alimony and alimony in gross:
“Our supreme court has explained the difference between periodic alimony and alimony in gross. Alimony in gross is considered ‘compensation for the [recipient spouse’s] inchoate marital rights [and] ... may also represent a division of the fruits of the marriage where liquidation of a couple’s jointly owned assets is not practicable.’ An alimony-in-gross award ‘must satisfy two requirements, (1) the time of payment and the amount must be certain, and (2) the right to alimony must be vested.’ It must also be payable out of the present estate of the paying spouse as it exists at the time of the divorce. In other words, alimony in gross is a form of property settlement. An alimony-in-gross award is generally not modifiable.
“Periodic alimony, on the other hand, ‘is an allowance for the future support of the [recipient spouse] payable from the current earnings of the [paying spouse].’ Its purpose ‘is to support the former dependent spouse and enable that spouse, to the extent possible, to maintain the status that the parties had enjoyed during the marriage, until that spouse is self-supporting or maintaining a lifestyle or status similar to the one enjoyed during the marriage.’ Periodic alimony is modifiable based upon changes in the parties’ financial conditions or needs, such as an increase in the need of the recipient spouse, a decrease in the income of the paying spouse, or an increase in the income of the recipient spouse. The paying spouse’s duty to pay periodic alimony may be terminated by petition and proof that the recipient spouse has remarried or is cohabiting with a member of the opposite sex.”
TenEyck, 885 So.2d at 151-52 (first emphasis added; citations omitted).
In support of his argument that the mortgage payments constitute a periodic-alimony award that is modifiable, the husband cites McGugin v. McGugin, 357 So.2d 347 (Ala.Civ.App.1978). In McGug-in, the judgment divorcing the parties provided that the husband and the wife would continue joint ownership of the residence that had been the marital home, that the wife and the parties’ daughter would live in the residence, and that the husband would make the monthly mortgage payments on the residence. The judgment further provided that
“ ‘in the event the ... [wife] shall remarry, then the home place shall be sold, and after the costs incident to the sale and the mortgage balance thereon have been paid, the net balance shall be divided equally between the parties.’ ”
357 So.2d at 348. In response to the wife’s argument in McGugin that the provision giving her possession of the former marital home and ordering the husband to make the mortgage payments constituted a property settlement, or an award of alimony in gross, this court held:
“[T]he payment of the monthly mortgage installment on the parties’ property was not a part of a division of property or an award of alimony in gross. The *486 monthly payments which the husband was ordered to make ... were ... periodic alimony payments ..., and as such were modifiable upon a showing of changed circumstances.”
357 So.2d at 351-52.
In Holman v. Holman, 435 So.2d 98, 100-01 (Ala.Civ.App.1983), this court explained that when a husband is ordered to pay the mortgage payments on the parties’ jointly owned marital home and the wife is permitted to live there until she remarries or moves out, at which time the house is to be sold and the net proceeds divided between the husband and the wife, the husband’s mortgage payments are in the nature of periodic alimony rather than alimony in gross or a property settlement because (1) the amount and time of the husband’s payments are uncertain and (2) the wife’s right to live in the house — and, therefore, her right to receive the benefit of having the mortgage payments made by the husband — is not vested, but contingent on her remaining single. McGugin follows the rule explained in Holman, as do Daniels v. Daniels, 599 So.2d 1208 (Ala.Civ.App.1992), Stutts v. Stutts, 418 So.2d 113 (Ala.Civ.App.1981), affirmed, 418 So.2d 115 (Ala.1982), and Thomas v. Thomas, 392 So.2d 233 (Ala.Civ.App.1980).
In the present case, the divorce judgment gave the wife a vested right to live in the home that was the subject of the husband’s mortgage payments — in fact, it gave her title to the home — that the wives in McGugin, Holman, Daniels, Stutts, and Thomas were not given. Instead of a mere permission to live in the parties’ jointly owned former marital home, with such permission being contingent upon the wife’s remaining single, paragraph 8 of the parties’ divorce judgment provided that the husband would construct a home in the Cherry Ridge subdivision for the wife and that the husband would “be responsible for and pay the mortgage on said home.” Compare McGugin, 357 So.2d at 351 (stating that “[ajlthough an outstanding mortgage indebtedness is a fixed amount since the indebtedness of a mortgage may be calculated with certainty, the husband in the present case was not directed to satisfy the entire mortgage debt. He was only obligated to pay off the balance of the mortgage if his wife did not remarry before the debt had been liquidated.”). In the present case, the husband was “directed to satisfy the entire mortgage debt.” See also Cherry v. Cherry, 422 So.2d 784, 786 (Ala.Civ.App.1982) (citing McGugin and holding that, because “[t]he divorce decree unconditionally required the husband to pay the mortgage in full,” the payments were “characteristic of alimony in gross and/or property settlement”). Paragraph 11 of the parties’ divorce judgment provided that title to the Cherry Ridge home would be placed in the wife subject to a first mortgage “the payment of which shall be the sole responsibility of the ... Husband.”
In Langner v. Langner, 599 So.2d 56 (Ala.Civ.App.1992), the divorce judgment provided that
“ ‘the [wife] shall have all right, title and interest in the condominium located in Panama City, Florida, and the [husband] shall be responsible for making the monthly mortgage payments as they become due on same and will indemnify and hold the [wife] harmless for payment of same. [Husband] further agrees to pay the maintenance fee, insurance and ad valorem taxes on same until such time as the [wife] remarries. [Husband] further agrees that he shall provide term insurance on his life in an amount necessary to cover the outstanding indebtedness owed on said condominium until such time as [wife] remarries, at which time [wife] shall be *487 responsible for maintaining said insurance. [Husband] will convey all his right, title and interest in and to said condominium to the [wife] by executing the proper deed to the [wife].’ ”
599 So.2d at 58. This court affirmed the trial court’s determination that the husband’s obligation to make the mortgage payments was an award of alimony in gross. That holding was based upon three factors. First, the court said, the amount of the husband’s payment was fixed, the time of payment was certain, and “[t]he outstanding indebtedness on the mortgage [was] certain of calculation.” Id. at 59. Second, the court determined that, although the divorce judgment provided that some of the husband’s obligations regarding the condominium — specifically, the requirements that he pay the maintenance fee, insurance and taxes, and carry life insurance in an amount necessary to cover the outstanding indebtedness — remained in force only until the wife remarried, the divorce judgment “reveal[ed] no stipulation for cessation of the actual mortgage payments in question upon the happening of any contingencies typically resulting in the termination of periodic alimony.” Id.
The same is true in the instant case. Paragraph 11 of the parties’ divorce judgment fixes the amount of the husband’s payments at “an amount not to exceed 80% of the appraised value to be amortized over a period not to exceed thirty (30) years.” As in Lcmgner, “[t]he outstanding indebtedness on the mortgage [was] certain of calculation.” 599 So.2d at 59. In addition, paragraph 11 “reveals no stipulation for cessation of the actual mortgage payments in question upon the happening of any contingencies typically resulting in the termination of periodic alimony.” Id. Unlike McGugin and the other cases to which the rule explained in Holman applies, the wife’s title to, right to live in, and right to have the husband pay the mortgage on the Cherry Ridge home are not contingent upon the occurrence of any events.
Instead, the contingencies mentioned in paragraph 11 — the sale of the Cherry Ridge home, the remarriage of the wife, the wife’s cohabitation with a member of the opposite sex, or the wife’s ceasing to occupy the Cherry Ridge home before the parties’ child reached the age of majority — affected only the husband’s right to receive “an amount equal to one-half of the appraised value of [the Cherry Ridge home] as of the date of its construction.” None of those contingencies has occurred.
The circuit court erred in construing paragraph 11 of the parties’ divorce judgment as a periodic-alimony award. We conclude that the husband’s obligation to pay the mortgage on the wife’s Cherry Ridge home was a property settlement or an award of alimony in gross, that it was not modifiable, and that it was not terminable upon the happening of certain events. Therefore, the judgment of the Mobile Circuit Court is reversed and the cause is remanded.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN and MOORE, JJ., concur.
BRYAN, J., concurs in the result, with writing.