DONALDSON, Judge,
concurring specially.
I concur. I write to note that Rule 59(e), Ala. R. Civ. P., which addresses a motion to alter, amend, or .vacate a judgment, has been construed to apply only to a final judgment, from which an appeal could be taken. Ex parte Troutman Sanders, LLP, 866 So.2d 547, 549-50 (Ala.2003). Motions to alter, amend, or vacate nonfinal orders have been held to be motions to “.reconsider” and not filed pursuant to Rule 59(e). See, e.g., State v. Brantley Land, L.L.C., 976 So.2d 996, 998 *1111 n. 3 (Ala.2007); Lambert v. Lambert, 22 So.3d 480, 483-84 (Ala.Civ.App.2008). Issues can arise when more than one post-judgment motion is filed. See, e.g., Roden v. Roden, 937 So.2d 83 (Ala.Civ.App.2006) (discussing the effect of a second post-judgment motion). Further, an order or judgment cannot be orally rendered. Rule 58(a), Ala. R. Civ. P.; Ex parte Chamblee, 899 So.2d 244, 248 (Ala.2004). To avoid confusion to the bench and bar, I think the issue whether a motion to alter, amend, or vacate filed before the entry of a final judgment is a “prematurely filed” motion under Rule 59 that somehow “quickens” upon the entry of a final judgment should be reexamined; however, we currently are bound by authority to the contrary. New Addition Club, Inc. v. Vaughn, 903 So.2d 68 (Ala.2004); Jakeman v. Lawrence Grp. Mgmt. Co., 82 So.3d 655 (Ala.2011).